## BLENDEN L. ROWLAND ET AL.

### v.

## HOMER M. SWOPE, ADMINISTRATOR.

*Administration—Debts—Petition to Sell Land for Payment of—Sec. 98, Chap. 3, R. S.*

1. Before a County Court can order the sale of a decedent's land for the purpose of paying debts, it must ascertain that the personal estate left by the decedent, and which has or should come to the hands of the executor or administrator, is insufficient to pay them.

2. Heirs are not to be held as sureties for the faithful performance by an administrator of his duties, nor are their rights dependent upon his integrity or negligence.

4. The real estate of a deceased person should not be ordered sold by the County Court for the payment of debts, where it appears there has been

a sufficiency of personal assets to pay the same, but that they have been wasted by the administrator or executor, and never applied to such payment.

[Opinion filed January 24, 1891.]

In error to the Circuit Court of Adams County; the Hon. William Marsh, Judge, presiding.

Messrs. W. L. & R. E. Vandeventer, for plaintiffs in error.

Messrs. McMurray & Swope, for defendant in error.

Conger, P. J.  This was a petition filed in the County Court of Adams County by Homer M. Swope, administrator *de bonis non* of the estate of Samuel Brierton, deceased, for the purpose of obtaining a decree for the sale of lands to pay debts. Samuel Brierton departed this life testate, September 9, 1885, and by his will appointed his son, Henry E. Brierton, his executor, without bond.

The executor, Henry E. Brierton, collected money due said testator to the amount of some $700 for which he became legally accountable as such executor, and which personal assets were more than sufficient to pay all the claims against the said estate.

Such executor, however, squandered these assets, and after failing to make reports satisfactory to the County Court, on April 1, 1889, absconded from the State, leaving no property. On April 24, 1889, said executor was removed by the County Court and appellee was duly appointed administrator *de bonis non* with the will annexed.

Henry E. Brierton by his father's will was the devisee of some of the land of his father, which he had sold and conveyed to Rowland and Wainman, and they having been made parties to the proceeding, objected to its being sold.

The principal question, therefore, presented by the record is, can the real estate of a deceased person be sold by order of the County Court, for the payment of debts, where it appears

there has been a sufficiency of personal assets to pay such debts, although they may have been wasted by the administrator or executor, and never in fact applied to the payment of debts?

This precise question, so far as we are advised, has not been passed upon by the Supreme Court of this State. The case of Young v. Wittenmyre, 123 Ill. 303, lays down the general rule that where there is personal estate sufficient to pay all debts, the land can not be sold; still, as the administratrix who petitioned for the sale was herself in fault in paying out the personalty to heirs instead of paying it upon the debts, it perhaps may not be regarded as an authority upon the question in this case.

The authority for selling land to pay debts is to be found in Sec. 98 of Chap. 3, R. S., and is as follows:

" When the executor or administrator has made a just and true account of the personal estate and debts to the County Court, and it is ascertained that the personal estate of a decedent is insufficient to pay the just claims against his estate, * * * the real estate may be sold," etc.

We hold that this section means, that before the County Court can order the sale of a decedent's land for the purpose of paying debts, it must ascertain that the personal estate is insufficient to pay them; that is, the personal estate left by the decedent, and which has or should come to the hands of the executor or administrator.

It is not enough for the court to find that there has been a sufficiency of personal assets left by the decedent, but at the time of filing the petition such assets have been wasted either by the petitioning administrator or executor, or by their predecessors in office. The heirs are not to be held as sureties for the faithful performance by the administrator of his duties, nor should their right be dependent upon his integrity or negligence.

The personal estate is the primary fund for the payment of debts, and only after applying it to their discharge, and there remains a deficiency, does the land become liable.

There is a conflict in the decisions of other States upon this

question, the following supporting, in part at least, the view we have taken: Pry's Appeal, 8 Watts, 253; Kelly's Estate, 11 Phil. 100; Wise v. Smith, 4 Gill & Johnson, 295; Bennett v. Caldwell, 3 Bax. (Tenn.), 487; Paine, Adm'r, v. Pendleton et al., 32 Miss. 320; while the following seem to hold the contrary doctrine: Nettleton v. Dizon, 2 Ind. 446; Foltz v. West, 103 Ind. 494; Fisceñss v. Moore (Ind.), 23 N. E. Rep. 364.

We think, however, sound reason, as well as the language of our statute, is consistent with the views we have expressed.

The court, we think, erred in granting the decree of sale under the circumstances as shown by the record, and its decree will therefore be reversed and the cause remanded.

*Reversed and remanded.*