EDWARDS ET AL. *v.* HAVERSTICK, ADM'R.

PLEADING.—*Injunction.*—*Administrator.*—The administrator of the estate of
one who was replevin bail for the stay of execution on a judgment cannot
maintain an action to enjoin the levy of an execution issued on such judg-
ment upon the real estate of his intestate, where he does not show that he will
be injured in his representative capacity by the sale of the real estate, or that

it is necessary, or will become necessary, to sell the real estate to pay the debts of the intestate, or that the personal estate is insufficient to pay the debts, or that the judgment debtor has property sufficient to pay the debt within reach of the execution.

ADMINISTRATOR.—*Real Estate.*—It is only where the personal estate is insufficient to pay the debts of the deceased, that the administrator has anything to do with the real estate.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson*, for appellants.

DOWNEY, J.—This is an appeal from an order granting an injunction, and refusing to dissolve the same. The facts stated in the complaint are, in substance, that Joshua Clark, on the 17th day of May, 1873, recovered a judgment before a justice of the peace against one Joseph Huston, on the 14th day of July, 1873, filed a transcript thereof in the clerk's office of said court, and on the same day caused an execution to issue thereon. On the 28th day of the same month, Elias Wiseman became replevin bail on the execution for Huston. On the 3d day of January, 1874, an execution was issued on the judgment and recognizance of the bail, against the judgment defendant and the replevin bail. On the 5th day of January, 1874, the execution was levied on certain real estate of Joseph Huston. On the 28th day of January, 1874, Wiseman departed this life. Haverstick, the plaintiff, is the administrator of his estate. On the 30th day of March, 1874, the levy on the real estate, which had been made, was relinquished by Clark. On the 20th day of April, 1874, Edwards, who was sheriff, levied the execution, by direction of Clark, on a lot in the town of Noblesville, which belonged to Wiseman, deceased, and was a part of his estate.

It is alleged in the complaint, that Joseph Huston, the judgment defendant, " is the owner of real estate of the value of one thousand six hundred dollars, and also of personal property sufficient to pay the execution;" and that Wiseman died the owner of two thousand four hundred dollars' worth of personal property; that the real estate of said deceased is advertised for sale by the sheriff, and will be sold, unless, etc.

A question is presented which seems to demand attention prior to any other, and that is, whether the administrator of Wiseman can maintain the action. He shows no reason why he will be injured in his representative capacity by the sale of the land of his intestate. He does not show that it is necessary, or will become necessary, to sell it for the payment of the debts, etc., of the deceased. He alleges that his intestate died the owner of two thousand four hundred dollars' worth of personal property, and does not show that this personalty is not sufficient to pay the debts, etc., of the estate. It is only when the personal estate is insufficient to pay the debts, etc., of the deceased, that the administrator has anything to do with the real estate. The action in every case must be in the name of the real party in interest. 2 G. & H. 34, sec. 3. We know of no authority holding that an administrator may sue in such a case, and none is cited. Indeed, the appellee has no brief on file.

It appears to us that the complaint does not show a good case for injunctive relief.

It is stated that Huston, the judgment defendant, is the owner of real estate of the value of one thousand six hundred dollars, and also personal property sufficient to pay the execution. But it is not shown that the property is within the reach of the execution, or where it is.

In our opinion, the court erred in granting the injunction, and in refusing to dissolve the same.

The judgment is reversed, with costs, and the cause remanded, with instructions to dissolve the injunction.