Duncan, Administrator, *v.* Gainey *et al.*

Filed Dec. 18, 1886.

108  579
128   54

| 108 | 579 |
|-----|-----|
| 155 | 264 |
| 156 |  58 |

---

No. 12,122.

## DUNCAN, ADMINISTRATOR, *v.* GAINEY ET AL.

DECEDENTS' ESTATES.—*Appeal.*—*Application to Supreme Court for Leave.*—*Notice.* — *Practice.* — *Res Judicata.* — Where an appeal from a decision affecting a decedent's estate is not taken within the time limited by section 2455, R. S. 1881, and afterwards an application is made to the Supreme Court for leave to appeal, the adverse party, when practicable, is entitled to notice of such application; but where leave is granted without such notice, and both parties are brought into court, the matter will be treated as adjudicated, and a subsequent motion to dismiss will be overruled.

SAME.— *Will.*—*Charging Land Devised With Payment of Debts.*—*Other Property not Released.*—A provision in a will, charging the land devised to the testator's widow with the payment of all claims against his estate, does not release property left to other devisees from sale in the event that devised to the widow shall be insufficient to pay the debts.

SAME.— *Unauthorized Sale of Land by Administrator.*—*Re-Sale.*—An administrator has no authority, in the absence of a testamentary provision to that effect, to sell real estate of his decedent, except upon the order of the proper court, and where a sale is made without such authority, the purchase-money does not become assets in the hands of the administrator, and the purchaser takes the land subject to its liability to be again sold under legal proceedings for the payment of debts.

SAME.—*Rights of Purchaser.*—*Subrogation.*—But where, in such case, the purchase-money derived from such unauthorized sale, is by special arrangement applied on debts of the estate, the purchaser becomes the equitable owner of such debts and is entitled to be subrogated to all the rights of the original holders, according to their respective priorities, but his lien is of no greater extent.

From the Lawrence Circuit Court.

*G. W. Friedley* and *E. D. Pearson,* for appellant.

*M. F. Dunn, G. G. Dunn* and *N. Crooke,* for appellees.

NIBLACK, J.—The complaint in this case averred that one John P. Gainey was in his lifetime the owner, amongst other things, of two forty acre tracts of land in Lawrence county, and of a one hundred and sixty acre tract of land in the county of Daviess; that, on the 24th day of July, 1871, the said Gainey executed and published his last will and testament, by which he devised and bequeathed his Lawrence county lands, and some personal property, to his daughter, Elizabeth Gray, and likewise devised and bequeathed the Daviess county lands and nearly all of his remaining personal property to his wife, Louisa J. Gainey, charging the property so devised and bequeathed to his wife with the payment of his debts, funeral expenses and all other claims against his estate; that Gainey, the testator, died on the 8th day of September, 1871, leaving his said will, containing some bequests to other persons, in full force, the same being soon thereafter admitted to probate; that the personal estate of the decedent was insufficient to pay his debts and the charges against his estate; that letters of administration, with the will annexed, were first issued to Edmond B. Gainey who was afterwards removed; that Oliver P. Anderson succeeded the said Edmond B. Gainey in the administration of said estate, but that he had, after a time, resigned without finally settling the estate; that letters of administration upon the estate remaining unadministered, and with the will annexed, had been issued to the petitioner and plaintiff, Coleman Dun-

can. The prayer of the complaint was, that the Daviess county lands should be ordered and decreed to be sold for the payment of the remaining debts and unpaid charges against the decedent's estate.

The widow and other devisees and legatees under the will were made defendants, as were Matthew Woods, John Woods and Abraham K. Cunningham, who were alleged to have acquired some interest in the lands in controversy. These last named defendants answered in an elaborate series of paragraphs, to some of which demurrers were sustained, and issues were formed upon those held to be sufficient. The widow and the other devisees and legatees made no defence.

The circuit court made a special finding of the facts adjudged to have been proven at the trial: *First.* That the said John P. Gainey died testate at the time named in the complaint. *Second.* That certain property, including the real estate in question, had been devised and bequeathed by him to his widow, Louisa J. Gainey, as alleged, subject to an express direction that his debts, funeral expenses and other charges against his estate should "be paid out of the property" therein devised to his wife. *Third.* That the decedent left the said Louisa J. Gainey and others, naming them, as his only heirs at law, devisees and legatees; that Edmond B. Gainey was first appointed administrator with the will annexed, and that while acting as such he paid a part of the indebtedness against the decedent's estate; that he was succeeded as such administrator by Oliver P. Anderson, who sued him and his sureties on his bond and obtained a judgment for an alleged waste of the assets of the estate; that afterwards Anderson resigned, and the plaintiff, Coleman Duncan, was appointed his successor; that the plaintiff had collected the judgment recovered as above by Anderson, and had paid out the proceeds on debts against the estate; that there remained no personal property or assets of a personal character belonging to the estate; that the debts and charges against the estate still remaining unpaid amounted to

the aggregate sum of $1,273.65; that while the said Edmond B. Gainey was acting as the administrator of the estate, that is to say, in April, 1872, he, without any order of court, sold the Daviess county lands to the defendant Matthew Woods, for the sum of $1,400, and caused the same to be conveyed to him by a warranty deed, executed by the said Louisa J. Gainey as the devisee and supposed owner thereof; that the said Matthew Woods subsequently conveyed one-half of said lands to the defendant Abraham K. Cunningham; that the entire sum of $1,400, paid by the said Matthew Woods for the lands so purchased by him, had been paid out upon, and applied in payment of, debts against the estate of the decedent; that $950 of said amount was, under the direction of the administrator, paid out personally by Matthew Woods on such claims, specifying the particular claims so paid by him; that the said Matthew Woods had made improvements on that part of the lands still retained by him, of the value of $500; that such part of said land had been in his possession for twelve years, and was of the rental value of $30 per year; that the said Cunningham had made improvements on that part of the lands purchased by him of the value of $400; that he had been in possession for twelve years, and that the rental value of his part of such lands was $30 per year.

Upon this finding of the facts, the circuit court came to the conclusion that the real estate, so in the possession of the said Woods and Cunningham respectively, was liable to be sold, and ought to be sold, for the payment of the debts and charges still outstanding against the estate of John P. Gainey, the decedent, but that said real estate was subject to a prior lien in favor of the said Woods and Cunningham for the sum of $1,450, which ought to be first paid out of the proceeds of such real estate when the same should be sold.

Over exceptions to the conclusions of law thus stated, the real estate referred to was ordered to be sold by the plaintiff and the proceeds applied in accordance with the conclusions of law as stated.

This appeal was not taken within the time limited by section 2455, R. S. 1881, having reference to appeals from decisions affecting decedents' estates, but was taken under leave afterwards granted by this court upon the *ex parte* application of Duncan, the plaintiff below.   Since the appeal was perfected under the leave thus granted, the appellees have moved to dismiss the appeal, upon the ground that they were not notified of the appellant's application for leave to take it, and hence that they had no opportunity of resisting such application, as they probably might have done successfully, citing the case of *Browning* v. *McCracken*, 97 Ind. 279, as holding that they were entitled to such notice.

Doubtless the better practice is to require notice of such application when it is practicable to do so, but as both parties have, by reason of this appeal, been brought into court, we feel constrained to treat the order granting the authority to appeal as an adjudicated matter, and, in consequence, to overrule the motion to dismiss the appeal.   We nevertheless regard the rule of practice suggested by the case of *Browning* v. *McCracken, supra,* as being the correct general rule.

As has been made to appear, the real estate involved in this cause was not, in any manner, devised to the executor. Nor was any authority conferred on the executor over such real estate greater than that which the law devolved upon him as the personal representative of the decedent in the administration of his estate.

The provision of the will, requiring the payment of the debts, funeral expenses and other charges against the decedent's estate to be made "out of the property" devised to the widow, was a mere marshalling of the assets of the estate as between the widow and the other devisees and legatees under the will, and did not create any specific lien against the widow's share for the payment of any particular debt, or class of debts.   Nor did it release the property left to the other devisees and legatees from ultimate sale for the payment of debts and charges against the estate, in the event that

the property devised to the widow should prove to be insuf-ficient for their payment.

The law does not, and did not at the time of the death of John P. Gainey, confer upon an executor or administrator any authority to sell and convey the real estate of his dece-dent, except by order of the proper court, in the absence of a testamentary provision authorizing him to so sell and con-vey such real estate. *Edwards* v. *Haverstick,* 47 Ind. 138; *Hankins* v. *Kimball,* 57 Ind. 42; *Kidwell* v. *Kidwell,* 84 Ind. 224.

Even when real estate is specifically devised to be sold for the payment of debts, it is necessary to obtain an order of court for its sale unless by the terms of the will a different course of proceeding is prescribed. 2 R. S. 1876, pp. 529, 530, sections 92, 93, 94; R. S. 1881, sections 2332, 2359, 2360, 2361.

Consequently, the sale of the real estate, made to Matthew Woods in this case, was not a sale in accordance with any au-thority conferred either by the decedent's will, or any law of this State, and hence did not discharge the real estate from lia-bility to be again sold, under proper legal proceedings, for the payment of the debts for which it was, from the first, liable to be sold, both under the will and under the law.

Woods, under the conveyance to him, simply assumed the same relations to the land which the widow had previously occupied, that is, he became its owner subject to its liability to be sold under appropriate legal proceedings for the pay-ment of the debts and other charges against the estate. The purchase-money paid by Woods did not become assets in the hands of the administrator. *Hankins* v. *Kimball, supra.*

The amount paid by him was only applied on debts against the estate under a special arrangement with the widow and the administrator. This made him the equitable owner of the debts thus paid by his money and property, and entitled him to be subrogated to all the rights of the original holders of such debts according to their respective priorities, in the

same manner, and to the same extent, that the administrator would have been, if he had advanced and used his own money in the payment of the debts in question. Sheldon Subrogation, section 202. But we know of no principle upon which Woods, or his assignee in part, Cunningham, can be held to have acquired a prior lien for the payment of the debts to which they are so entitled to be subrogated, over other debts of the estate of the same class. The inevitable inference is that the circuit court erred in its conclusion of law that Woods and Cunningham had acquired such a prior lien.

The judgment is reversed, at the costs of Matthew Woods and the appellee Cunningham, and the cause is remanded to the court below, with instructions to restate its conclusions of law in accordance with this opinion, and to render judgment accordingly.

Filed Dec. 21, 1886.