Chaplin *et al. v.* Sullivan.

No. 14,778.

CHAPLIN ET AL. *v.* SULLIVAN.

PRACTICE.—*Refusal to Strike Out Pleading.*—A refusal to strike out a pleading is not an available error.

SAME.—*Error in Assessment of Damages.*—*New Trial.*—Error in the amount of the assessment of damages can only be presented by a motion for a new trial.

VENIRE DE NOVO.—*Insufficient Finding.*—Error in making insufficient or indefinite findings can only be presented by a motion for a *venire de novo.*

SET OFF.—*A Set-off to a Set-off.*—A set-off can be pleaded to a set-off.

MORTGAGE.—*Mortgage to Secure Two Notes Payable to Different Persons.*—*Priority.*—A mortgage given to secure two notes identical in date, amount, and time of maturity, but payable to different persons, is equivalent to a separate mortgage to each, without giving priority to either mortgagee.

SUBROGATION.—*Purchaser of Decedent's Realty Paying Debt of the Estate.*—*Priority to Mortgage Executed by Heir.*—A purchaser of real estate of a decedent's estate, who pays off a general debt of such decedent at the request of an heir in order to prevent the real estate being sold to pay such debt, is entitled to be subrogated to the lien the creditor had on such realty by virtue of his claim as against such heir; and such lien is prior to a mortgage executed by an heir of such decedent prior to such payment.

DECEDENTS' ESTATES.—*Extent of Creditor's Lien on Realty.*—A creditor of an estate has a lien for his claim on the entire realty of the estate, and can not be confined to a particular part of it.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*W. A. Kittinger* and *L. M. Schwinn,* for appellee.

McBRIDE, J.—John Chaplin died intestate, in Madison county, owning certain lands in that county. He left surviving him, as his sole heirs, a widow, six living children, and the heirs of a deceased daughter. Appellant Solomon C. Chaplin is one of the children, and was appointed administrator of the estate.

Appellant Caroline Gillett and the appellee, Emma Sullivan, are daughters of said decedent. Solomon C. executed to them a mortgage on his undivided interest in said land,

to secure to each the sum of $350, loaned him by each, both being secured by the same mortgage.

The widow had partition of the land, and one-third was set off to her in severalty.

The administrator then applied for, and procured, from the Madison Circuit Court, an order to sell the remaining two-thirds of said land to pay debts of said estate, showing in his application a deficiency of personal assets amounting to $1,000.

To avoid the necessity for and expense of an administrator's sale of the land, the appellee bought the shares of all of said heirs, except appellant Solomon C., and agreed with each of them, as a part of the consideration, to pay their proportionate share of said debts.

Appellant did not sell her his interest in the land, but requested her to pay his share of the debts, and promised to reimburse her for so doing. She paid all the remaining debts of the estate, amounting to $1,214.25. This would make the share of each $173.46.

There was some conflict in the evidence as to just what the contract was, relative to her reimbursement for the sum paid by her for appellant on said debts, but as it appears from the special finding that the court accepted her version, under our rule we can not disturb the finding.

This suit was brought by appellee to foreclose the mortgage, and to recover, against Solomon, a judgment for said sum paid by her for him on said indebtedness.

With reference to the latter claim she also asks to be subrogated to the rights of the creditors of decedent, and to have said sum declared a lien on said land, senior to said mortgage.

Two questions are raised on the pleadings. Solomon answered by general denial, and by set-off. Appellee replied a set-off to his set-off. A motion by Solomon to strike out the reply of set-off was overruled, and this ruling appellant insists is erroneous.

Whether this action of the court was right or wrong need not be considered, as it is well settled that refusing to strike out a pleading is not *available* error. It is not error for which a cause will be reversed. *Hoke* v. *Applegate*, 92 Ind. 570; *City of Crawfordsville* v. *Boots*, 76 Ind. 32; *Smith* v. *Martin*, 80 Ind. 260, and many other cases that might be cited.

A demurrer to this paragraph of reply was overruled, and the ruling is assigned as error.

This ruling was not erroneous, as the reply is clearly good.

Error is also assigned on overruling a motion for a new trial, and in the conclusions of law.

None of the questions argued as arising on the motion for a new trial are available, as they are presented. Appellants insist that the finding is not sustained by the evidence; but the evidence is conflicting, and, there being some evidence to sustain the finding, we can not, under our settled practice, disturb the conclusion reached by the trial court. It is argued that there is error in the assessment of the amount of the recovery; but this question was not raised by the motion for a new trial, and we can not consider it.

It is also argued that the court failed to find on all the issues; that there is no finding, or insufficient findings, on questions presented by the answer and reply of set-off.

The question as to insufficient or indefinite findings must be presented by a motion for a *venire de novo*.

The court, having, by request of parties, made special findings of the facts, stated its conclusions of law. The special findings were substantially in accordance with the statement of facts herein, and that there was due to each of said mortgagees the sum of $450.66. The court further found that there was also due to appellee, on account of money paid by her for said Solomon C., in payment of his share of the debts of said estate, the additional sum of $193.54. As conclusions of law the court held that the two mortgages were con-

current in lien, and should be foreclosed together, and, in case of a deficiency in the property to pay both, they should share *pro rata* in the proceeds of the sale. It was further held that, as to the said sum of $193.54 paid by her, the creditors of said decedent had, and were entitled to enforce, a lien upon the interest of said Solomon C. in said land, to which lien appellee became subrogated by said payment, and that she was entitled to the foreclosure of such lien, and sale of said land in preference to said mortgage. The court thereupon rendered a decree foreclosing said mortgage and said lien accordingly.

Counsel for appellant, in their brief, insist that the court erred in not decreeing priority to the mortgage of appellant Caroline Gillett. They, however, assign no reason for this claim, and we can see none. The notes to both parties were identical in date, amount, and time of maturity, and secured by the same mortgage. In a case where notes to different persons were secured by the same mortgage, but matured at different times, this court held that the holder of the note first maturing had no priority. *Goodall* v. *Mopley,* 45 Ind. 355. So, also, where different mortgages were made to different persons on the same day. *Cain* v. *Hanna,* 63 Ind. 408, and in *Moffitt* v. *Roche,* 76 Ind. 75, it was held that a mortgage to several persons, to secure a separate obligation to each, all made of even date, and to mature at the same time, is equivalent to a separate mortgage to each, without giving priority to any.

Appellant's principal contention is that the court erred in decreeing the lien, as to the $193.54 ; and especially that it erred in giving to it priority over the mortgage.

No doctrine of equity jurisprudence is more beneficent in its operation than that of subrogation, properly applied.

One of the most familiar cases where this doctrine is applied is where the purchaser of encumbered property, without having assumed the encumbrance, pays it off and discharges it to protect his own rights, or to perfect his own

title. It has been uniformly held, in such cases, that he is entitled to be subrogated to the rights of the lienholder, and is entitled to all his securities, rights, remedies, and priorities. And when one, for the protection of his own interests, thus pays the debt of another, the payment is not voluntary. Among the many authorities supporting this application of the doctrine of subrogation are the following: Harris Subrogation, sections 2, 643, 646, and 796, and cases cited; *Braden* v. *Graves*, 85 Ind. 92; *Muir* v. *Berkshire*, 52 Ind. 149; *Stiger* v. *Bent*, 111 Ill. 328; *Morrow* v. *U. S. Mortg. Co.*, 96 Ind. 21; *Vert* v. *Voss*, 74 Ind. 565; *Rice* v. *Morris*, 82 Ind. 204; *Carithers* v. *Stuart*, 87 Ind. 424; *Weiss* v. *Guerineau*, 109 Ind. 438; *Binford* v. *Adams*, 104 Ind. 41; *Dunning* v. *Seward*, 90 Ind. 63; *Duncan* v. *Gainey*, 108 Ind. 579; *Gibson* v. *McCormick*, 10 Gill & Johnson (Md.) 65.

In the case of *Duncan* v. *Gainey*, *supra*, which was a case where one had bought land at an unauthorized administrator's sale, and had, by direction of the administrator, paid the purchase-price upon debts of the estate, it was held that although the sale was ineffectual to convey title, and that the land still remained liable to be sold under order of the court for the payment of debts, the purchaser, who had paid the money, was entitled to be subrogated to all the rights of the original holders of such debts, according to their respective priorities. So, in *Gibson* v. *McCormick*, *supra*, where one had purchased land of a devisee, and the purchase-money was used to pay the debts of the testator, it was held that he might be subrogated to the rights of the creditors.

The heirs of the decedent, John Chaplin, took the land left by him, charged with the payment of his debts. They could not escape this liability if they wished. No one could acquire any rights in the land superior to the right of the creditors of the estate to compel payment of their claim from the land if the personal assets should prove insufficient. When the appellant Gillett, and the appellee, took their mortgage, they, of course, took it subject to this right

of the creditors. When appellee became the owner of six-sevenths of the land, and paid six-sevenths of the debts of the estate, her land was still subject to the payment of the remaining one-seventh of said debts. As between her and her brother it was his to pay; but as between her and the creditors, the lien covered all the land, hers as well as his. She then had the right to pay, when he did not, and was entitled to be subrogated to the rights of the creditors to have the land sold for its payment. She had this right, without request from him, to pay. The rights she thus acquired are superior to the mortgage, and she had the right to have a lien declared and foreclosed for said amount on his share of the land as against all the appellants.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 9, 1891.