## Roberts, Administratrix, *v.* Dimmett et al.

[No. 6,787. Filed October 29, 1909. Rehearing denied January 5, 1910. Transfer denied March 15, 1910.]

1. Executors and Administrators.—*Final Reports.—Exceptions. —Special Findings.—Venire de Novo.*—Where exceptions are filed to certain items of an administratrix's final report, special findings covering only such items are sufficient, and a motion for a *venire de novo* on the ground that they do not cover the whole report, should be overruled. p. 568.

2. Appeal.—*New Trial.—Evidence Not in Record.*—Where the record on appeal does not contain the evidence, a specification in the motion for a new trial that the evidence does not sustain the special findings, cannot be considered. p. 569.

3. Trial.—*Conclusions of Law.—Exceptions.*—Exceptions to conclusions of law admit the correctness of the special findings. p. 569.

4. Descent and Distribution.—*Childless Widow.—Statutes.*— Under §2927 Burns 1908, §2405 R. S. 1881, providing that after the payment of debts, legacies and expenses of administration, a decedent's estate shall be distributed to his legal heirs, and §3018 Burns 1908, Acts 1889, p. 131, §1, providing that one-third of the personal property of an intestate, where there are two or more children surviving, shall descend to the widow, and if but one child, one-half shall descend to each, such widow takes such part only after the payment of debts. pp. 569, 570.

5. Executors and Administrators.—*Debts.—From What Property Payable.*—The debts of a decedent constitute a primary charge against his personal property. p. 570.

6. Descent and Distribution.—*Widows.—Election.—Wills.—Presumptions.*—A widow may elect not to take under her husband's will, and the presumption is that the law does not discriminate between the widow of a testate and of an intestate husband. p. 570.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Final report by Matilda Roberts, as administratrix of the estate of Monroe Roberts, deceased, to which William Dimmett and others except. From a judgment for the exceptors, the administratrix appeals. *Affirmed.*

*Thomas W. Lindsey*, for appellant.

*S. B. Hatfield, W. S. Hatfield* and *F. H. Hatfield*, for appellees.

COMSTOCK, J.—On June 5, 1907, appellant as administratrix of the estate of Monroe Roberts, deceased, filed in the Warrick Circuit Court her final settlement report, in which she set out her various acts in the course of administration, the amount of money she received in her trust capacity and the amount expended. On June 7 appellees filed exceptions and objections to various credits claimed in the final report as follows: To credit number one, wherein said administratrix paid to herself, as widow, the sum of $457.09, being one-third of decedent's personal property, which amount was excessive, she being entitled as such widow to only one-third of the personal property after paying her statutory allowance of $500 and the debts of said estate, that is, one-third of the part remaining after the payment of said debts and her said statutory allowance; to credit number 6, wherein said administratrix paid to herself $54 for services rendered, which sum was excessive; to credit number seven, wherein the administratrix paid to herself the sum of $26 for expenses incurred, which sum was excessive, and not having been actually incurred; to credit number eight, wherein said administratrix paid herself the sum of $84.40 for services rendered, which sum was excessive; and in credit number five objection is made to any money paid to or for Ora Roberts or Euphratus A. Roberts, for the reason that the judgment of the court and verdict of the jury heretofore rendered and returned herein show that during the lifetime of Monroe Roberts they received from him more than their full shares of his estate.

The court, at the request of the administratrix, made a special finding of facts and stated conclusions of law thereon. The special findings show, in substance, that on December 2, 1905, Monroe Roberts died intestate in Warrick county, Indiana, leaving as his only heirs at law Matilda Roberts, a childless third wife, his children, and his grandchildren. On December 5, 1905, said Matilda Roberts was appointed administratrix and she qualified and entered upon the duties of

administering the estate. The services of said administratrix and expenses incurred by her in the administration of said estate were necessary, and were reasonably worth the sum of $125, the amount claimed in the report being $164.40. During the lifetime of said Monroe Roberts he advanced to his following named children the following amounts: To Euphratus A. Roberts the sum of $1,242; to James W. Roberts, father of Ora Roberts, $980; to Mary Austill, $500; to Amanda Dimmett, $400; to Francis Dimmett, mother of Ada Williams, Benjamin Dimmett, Ernest Dimmett and Nita Dimmett, $600.

As conclusions of law the court stated (1) that said administratrix shall be allowed the sum of $125 for her services and expenditures in the administration of her decedent's estate; (2) that said Matilda Roberts, as the widow of Monroe Roberts, is entitled to one-third of the surplus of said estate remaining in the hands of said administratrix after the payment of the debts and liabilities of said estate; (3) that the advancements found to have been made by said decedent should be taken into consideration by said administratrix in distributing to each of said heirs the amounts due them from said estate. To each of said conclusions of law appellant excepted.

Appellant assigns as errors the overruling of her motions for a *venire de novo* and for a new trial, and that the court erred in its conclusions of law numbered one, two and three.

The issues were formed on the report and exceptions thereto.

In support of the motion for a *venire de novo*, it is claimed that the special findings are so defective, uncertain and ambiguous that no judgment can be rendered thereon, 1. and that they do not disclose the amount of money to be paid on the debts of the decedent, nor the amount of money to be paid to the widow. It was not necessary to set out in the special findings the various items of the report. The special findings pertain to the issues raised by the excep-

tions. The conclusions of law are sufficiently explicit for a judgment on the issues. The motion for a *venire de novo* was therefore properly overruled.

2. The motion for a new trial, questioning the sufficiency of the evidence to sustain the special findings, could only be considered upon a review of the evidence in the case, which is not attempted to be made a part of the record.

3. The exceptions to the conclusions of law and to each of them admit the correctness of the facts found, and the conclusions are supported by said findings.

4. The only controverted question of consequence is, What portion of the estate is appellant, a childless third wife, entitled to under the statute? It is the claim of appellant that she is entitled to receive one-third of the total amount of personal property before the payment of any debts of the estate or expenses or her absolute claim of $500. We think this claim cannot be allowed. Section 2927 Burns 1908, §2405 R. S. 1881, provides that "when the deceased shall have died intestate, the surplus of his estate remaining in the hands of the executor or administrator, after the payment of debts and expenses of administration (and in case the deceased died testate, after the payment of legacies also), shall be distributed to the legal heirs of the deceased according to the laws of this State in force at the time of his death," etc. Section 3018 Burns 1908, Acts 1899, p. 131, §1, provides "that if a man die intestate, leaving a widow and child, or children, not exceeding two, the personal property of such intestate shall be equally divided among the widow and children, the widow taking an equal share with one child, but if the number of children exceed two, the widow's share shall not be reduced below one-third of the whole." Under this section the share of the widow where she is left with two or more children cannot be reduced below one-third of the whole of the personal estate. If she is left with one or with two children she is entitled to an

equal share with one child. In connection with §2927, *supra,* this must be held to mean that the estate distributed is the residue after the payment of debts. It is only upon this construction that the widow and child can share 5. equally, the personal property being primarily the fund out of which the debts of the estate are to be paid. This construction has been recognized in the case of *Ruch* v. *Biery* (1887), 110 Ind. 444, 450. See, also, *Shaffer* v. *Richardson* (1866), 27 Ind. 122.

When the number of children does not exceed two, the widow shares equally with each in the personal estate after payment of the debts. In such case, if the widow 4. should receive one-third of the whole of the personal estate free from debts the equality of the distribution would be destroyed, for a child is given its share of the estate subject to the debts of its ancestor. Section 3025 Burns 1908, Acts 1891, p. 404, gives to the widow of a man who dies testate, one-third of his personal estate, subject to its proportion of the debts of the decedent, making the interest of the widow in the personal estate of one who dies testate the same as the widow of one who dies intestate, except where there are surviving children.

The widow of one who dies testate may elect to take under the will or under the statute, but it will not be pre- 6. sumed that the law intended to discriminate between the widow of a man dying testate and one dying intestate.

By the conclusions of law certain credits claimed by the administratrix's final report objected to by appellees are disallowed, and by the judgment of the court it is 4. properly ordered that the administratrix pay to the commissioner the sum of $321.80, money received from him as shown by said report and to which she was not entitled, and amend her report in accordance with the special findings. Under the conclusions of law and the judgment, appellant was entitled only to one-third of the personal estate

remaining after payment of debts and the $500 allowed the widow by statute. This, the judgment of the trial court awards her.

Judgment affirmed.