## QUIRK v. KIRK, ADMINISTRATRIX.

[No. 9,156. Filed November 22, 1916. Rehearing denied March 30, 1917. Transfer denied May 18, 1917.]

DESCENT AND DISTRIBUTION.—*Personalty.*—*Rights of Widow.*— *Statutes.*—Under §2848 Burns 1914, §2332 R. S. 1881, providing that, if the personal estate of a decedent is insufficient to pay his debts, the real estate shall be sold to pay them, and §2797 Burns 1914, §2405 R. S. 1881, providing that the surplus remaining after the payment of intestate's debts shall be distributed to his heirs, and §3025 Burns 1914, Acts 1891 p. 404, providing that, if a man die intestate leaving a widow, one-third of his personal estate shall descend to her, subject to its proportion of decedent's debts, and §3027 Burns 1914, §2489

R. S. 1881, providing that if a husband die intestate and the whole amount of his estate, real and personal, does not exceed $1,000 the whole shall go to the widow, it is only when the entire estate left by a decedent does not amount to more than $1,000 that a childless widow of an intestate is entitled to all the personal property remaining after the payment of debts and expenses of administration. (*Matthews* v. *Pate* [1884], 93 Ind. 443, distinguished.)

From Rush Circuit Court; *Raymond Springer,* Special Judge.

Mary E. Kirk, administratrix of the estate of Bartholomew W. Kirk, deceased, filed her final report, to which Johanna Quirk filed exceptions. From the judgment rendered, the contestant appeals. *Reversed.*

*John H. Kiplinger,* for appellant.
*Howard E. Barrett,* for appellee.

McNutt, J.—The appellee, Mary E. Kirk, as administratrix of the estate of Bartholomew W. Kirk, deceased, filed her final report, as such administratrix, in the court below, showing a balance in her hands of $466.94 to be distributed to the heirs. Said report further shows that said decedent died intestate at Rush county, Indiana, leaving as his only heirs at law, his widow, appellee herein, and his mother, appellant herein. The report further alleges: "That said decedent at the time of his death was the owner in fee, of real estate in Rush county, of the value of $4,300.00, and that said real estate has continued ever since to be and is now worth said sum. That the personal property above administered, at the death of said decedent, was of the value of $2,530.20, and continued to be of the same value up until the same was disposed of as herein shown. That said real estate and said personal property comprised all the estate owned or possessed

by said decedent at the time of his death or in which he had any interest. Wherefore said administratrix asks that she be allowed credit for said sum of $150.00 (Voucher No. 32) for her services as such administratrix, and for the further sum of $150.00 (Voucher No. 11 & 31) for the services of her attorney and she further asks that said sum of $466.94 (Voucher No. 34) be awarded to her on account of the indebtedness of said estate and the expense of administering the same exceeding the one-fourth of said entire estate."

To this report appellant filed exceptions contending that the personal estate, after paying debts and the expenses of settling the same, should be divided, three-fourths to appellee and one-fourth to appellant. To these exceptions the appellee filed a demurrer, which was sustained by the court, and this is the only question involved in this appeal, by the assignment of errors.

Section 3027 Burns 1914, §2489 R. S. 1881, provides: "If a husband or wife die intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real and personal, shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them; Provided, That if the whole amount of property, real and personal, does not exceed one thousand dollars, the whole shall go to such widow or widower."

Appellee insists that, under said section, she is entitled to three-fourths of the personal property left by the decedent against all persons, except creditors; that she is entitled to have appellant's share exhausted before resorting to her own share to pay debts; and that, inasmuch as the debts and expenses amounted to more than one-fourth of the personal, appellant is entitled to none of said balance. Appellee relies on the case of

*Matthews* v. *Pate* (1884), 93 Ind. 443, to support her contention.

We do not think that the case relied on in any way supports appellee's contention. That case involves a construction of §3027, *supra*, only so far as it affects the rights of a widow as against a parent in the real estate of a decedent, and holds that the one-fourth going to the parent, under said section, must first be exhausted before resorting to any part of the widow's share to pay debts. This holding is fully justified by the statutes regulating the descent of real estate.

However, a different rule prevails under the various statutes regulating the descent of personal property. Section 2848 Burns 1914, §2332 R. S. 1881, provides: "If the personal estate of the decedent shall be insufficient for the payment of the liabilities thereof, the real estate of the deceased, if any, shall be sold to make assets for the payment of such liabilities." Section 2927 Burns 1914, §2405 R. S. 1881, provides: "When the deceased shall have died intestate, the surplus of his estate remaining in the hands of the executor or the administrator, after the payment of debts and expenses of administration, * * * shall be distributed to the legal heirs of the deceased according to the laws of this state in force at the time of his death. * * *" Section 3025 Burns 1914, Acts 1891 p. 404, provides: "If a man die testate leaving a widow, one-third of his personal estate shall descend to said widow, subject, however, to its proportion of the debts of said decedent." It has been repeatedly held that the personal property of a decedent is a primary fund for the payment of debts and expenses of settling the estate, regardless of who the heirs are. Under the plain provisions of the above statutes there could be no other holding. *Ditton* v. *Hart* (1911), 175 Ind. 585, 95 N. E. 119; *LaPlante* v. *Convery* (1884), 98 Ind. 499; *New-*

comer v. *Wallace* (1868), 30 Ind. 216; *Roberts* v. *Dimmett* (1909), 45 Ind. App. 566, 88 N. E. 870.

It is shown by appellee's final report that the decedent left real estate of the value of $4,300 and personal property of the value of $2,530. In order to entitle appellee to all of the personal property remaining, after the payment of debts and expenses of settling the estate, it would have to appear that the whole estate left by decedent amounted to no more than $1,000. It follows that the court erred in sustaining the demurrer to the exceptions.

The judgment of the court below is reversed, with instructions to overrule said demurrer and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 114 N. E. 109. See 14 Cyc 63; 18 Cyc 681.