GEARHART, ADMINISTRATRIX, *v.* GEARHART ET AL.

[No. 9,546.  Filed April 11, 1918.]

EXECUTORS AND ADMINISTRATORS.—*Payment of Debts.—Personalty.—Realty.*—The one-fourth interest in a decedent's estate, including the interest in his real estate which the mother inherits under §3027 Burns 1914, §2489 R. S. 1881, is not subject to sale to make assets to pay the debts of the estate before resorting to other personal property sufficient for that purpose, since §2848 Burns 1914, §2332 R. S. 1881, provides that the real estate of deceased shall be sold to pay debts only when the personal estate of decedent is insufficient for that purpose, and §2927 Burns 1914, §2405 R. S. 1881, further provides that the surplus estate, after payment of debts and expenses, shall be distributed to the legal heirs according to the laws in force at the time of decedent's death.

From Allen Circuit Court; *John W. Eggeman,* Judge.

Proceedings on the petition of Bertha Gearhart, administratrix of the estate of Edward L. Gearhart, deceased, for an order to sell real estate. On issues formed on an answer by the Peoples Trust and Savings Company, as guardian of Mary E. Gearhart, there was a judgment against the petitioner and she appeals. *Affirmed.*

*Leonard, Rose & Zollars* and *William Fruechte-nicht,* for appellant.

*Breen & Morris,* for appellees.

FELT, J.—Edward L. Gearhart died intestate, leaving surviving him as his only heirs at law his widow, Bertha Gearhart, and his mother, Mary A. Gearhart, who is a person of unsound mind and under guardianship. His widow was appointed administratrix of his estate by the Allen Circuit Court, and thereafter filed her petition praying for an order to sell the undivided one-fourth of the real estate of which Edward L. Gearhart died seized.

It is agreed by the parties that at the time of his death decedent owned real estate of the value of $6,000 and personal property of the value of $7,784.86; also that the debts of the estate amounted to $2,800.37, and that the total value of the personal property left by decedent exceeds the amount of the indebtedness of the estate by $4,984.49.

To the petition of appellant the Peoples Trust and Savings Company, as guardian of Mary E. Gearhart, filed an answer in which it set up in substance the facts as to the heirs and property of decedent as above indicated, and other facts to show that the real estate was not liable to make assets to pay debts of the estate, and that the personal property was more than sufficient for that purpose. The issues so formed were tried by the court, and a finding made that the personal property was sufficient to pay all the debts and expenses for which the estate was liable, that the debts should be paid from the personal estate, and that the real estate was not liable to sale for that purpose. The judgment follows the finding, and is

against appellant on her petition. Appellant filed a motion for a new trial, which was overruled, and an exception reserved.

The only error assigned is the overruling of the motion for a new trial, which was asked on the ground that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

Appellant does not deny that under §3027 Burns 1914, §2489 R. S. 1881, the mother of decedent would inherit one-fourth of his estate, but contends that her one-fourth, including her interest in the real estate of decedent, must first be exhausted to pay debts of the estate before resort can be had to the other personal property of the estate.

The law has long been established in this state that the personal property of a decedent is the primary source of funds for the payment of the debts of the estate, and that the real estate of such decedent is only liable for the payment of such debts when the personal property is insufficient to pay the same. §2848 Burns 1914, §2332 R. S. 1881; *Ditton* v. *Hart* (1911), 175 Ind. 585, 594, 95 N. E. 119; *LaPlante* v. *Convery* (1884), 98 Ind. 499, 500; *Edwards* v. *Haverstick* (1874), 47 Ind. 138, 140.

Section 2927 Burns 1914, §2405 R. S. 1881, enacted in 1881, provides that: "When the deceased shall have died intestate, the surplus of his estate remaining in the hands of the executor or administrator, after the payment of debts and expenses of administration * * * shall be distributed to the legal heirs of the deceased according to the laws of this state in force at the time of his death."

The statute is plain and unambiguous. Furthermore, the identical question presented by this appeal

has been decided adversely to appellant's contention. On the admitted facts of this case there was no legal justification 'for instituting this proceeding, since the personal estate was more than sufficient to pay the debts of the estate and costs of administration. *Quirk* v. *Kirk, Admx.* (1916), 64 Ind. App. 496, 114 N. E. 109; *Roberts, Admx.,* v. *Dimmett* (1909), 45 Ind. App. 566, 570, 89 N. E. 496; *Ruch, Admr.,* v. *Biery* (1887), 110 Ind. 444, 450, 11 N. E. 312.

This appeal is plainly without merit. There is no reasonable ground for a difference of opinion on the question presented. Appellant seems to be using the estate to try out a visionary proposition whose only basis seems to rest in her own desire to absorb the estate to the exclusion of the mother of decedent.

For this reason the judgment is affirmed, with instructions to tax the costs of the appeal to appellee Bertha Gearhart personally.

NOTE.—Reported in 119 N. E. 217. See under (1) 18 Cyc 591.