CONKLIN ET AL. *v.* SCHOOL CITY OF SOUTH BEND.

[No. 9,987. Filed October 7, 1919. Rehearing denied March 12, 1920.]

1. JUDGES.—*Interest in Suit.—Challenge.—Right to File.*—In an action by a school city, it was not error to refuse to allow to he filed defendant's written challenge to the competency of the judge because he was a resident in, and a taxpayer of, the school corporation, since the ground of challenge stated is not embraced in the causes for a change of judge specified by §422 Burns 1914, §412 R. S. 1881.   p. 27.

2. APPEAL.—*Briefs.—Waiver of Error.*—Error, if any, in the refusal to permit appellants to file their written challenge to the competency of the trial judge was waived by their failure to set out in their brief the affidavit in which they attempted to make the challenge.   p. 27.

3. SUBROGATION.—*Appropriation of Land for School Purposes.— Payment of Encumbrance by School City.—Right to Be Subrogated to Mortgagee's Claim.*—Where a school city appropriated land, but by inadvertence and oversight failed to make a party to the proceedings the holder òf a note of one of the owners, to secure which a mortgage on the land had been executed, and the city, having paid the owners th full amount of their award, subsequently paid the note to protect its title to the land, it was by subrogation entitled to recover from the owners the amount of the debt paid.   p. 28.

From Elkhart Superior Court; *James L. Harman,* Judge.

Action by the school city of South Bend against Frank G. Conklin and wife. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Stuart MacKibbin,* for appellants.

*Drummond & Drummond* and *Harry R. Wair,* for appellee.

ENLOE, J.—The essential facts of this case, as disclosed by the record, are as follows: In April, 1911, the appellant Frank G. Conklin was the owner of a certain tract of real estate situated in the city of South Bend, the title to which appellee desired to acquire for school purposes and, the parties failing to agree, suit was brought by appellee against Frank G. Conklin and Jean I. Conklin, his wife, the appellants, to appropriate the land to said purpose. Such proceedings were thereafter had in said cause, the venue having been changed to the Laporte Circuit Court, that the appellant Frank G. Conklin was awarded $11,400 and Jean I. Conklin, his wife, was awarded the sum of $100, on account of said appropriation. On August 12, 1907, Frank G. Conklin had borrowed the sum of $2,100 from the St. Joseph County Savings Bank, had executed his negotiable promissory note therefor and, to secure payment of same, he and his said wife had executed a mortgage on the real estate taken by appellee by appropriation as above. At the time the lands were so appropriated, said note had not been paid, nor said mortgage released of record, and, as specially found by the trial court, the appellee, on December 23, 1912, paid to one Jacob M. Chillas, the owner and holder of said note and mortgage, to protect its title to said lands, the sum of $2,383.45. The holder of said note and mortgage was not made a party to said appropriation proceedings, and appellants received and receipted for the full amount of the above-mentioned award.

By the suit now under consideration, the appellee sought to recover, as against the appellants, the money so paid to said Chillas. The answer was a general de-

nial. The trial was had before the court, which, a proper request having been made therefor, found the facts specially and stated its conclusions of law thereon favorable to appellee, and rendered judgment accordingly.

There are three separate assignments of error in this cause—one by appellants jointly, one by appellant Frank G. Conklin, and one by appellant Jean I. Conklin. The errors assigned challenge the action of the court (1) in overruling motion to make the complaint more specific; (2) in overruling demurrer to complaint; (3) error in conclusions of law upon facts found; (4) error in overruling motion for new trial; and (5) error in refusing to allow appellant Frank G. Conklin to file his written challenge to the competency of the judge of the St. Joseph Circuit Court to sit as judge in the making up of the issues, a motion for change of venue from the county having theretofore been filed on account of said judge being a resident and taxpayer in said appellee corporation.

The court did not err in refusing to allow said challenge to be filed. It did not state any of the enumerated causes for change of judge mentioned in §422

1. Burns 1914, §412 R. S. 1881, but, even if there had been any error in this matter, the appellants have waived it by their failure to set out in their brief

2. said affidavit in which they attempted to make such challenge. The statute specifically disqualifies the judge in suits where the county is a party, but not in suits where the school corporation of which he is a resident is a party. The *interest* of the judge in such suit must be more than that of a mere citizen and taxpayer.

Neither did the court commit any error in overruling appellant's motion to make the complaint more certain, definite and specific.

The *inadvertence and oversight* mentioned in the complaint relate to the failure of appellee, in the appropriation suit, to make the holder of the note and mortgage a party thereto, while appellant's motion asks that said complaint be made more certain, definite and specific, by requiring the plaintiff to set forth the particular facts which constitute, comprise and are the acts of oversight and inadvertence which caused the plaintiff corporation to pay said sums of money, as in said complaint alleged and set forth.

Appellants have entirely misconceived the theory of appellee's complaint herein. They try to treat it as an action by suit to obtain relief from a judgment taken against a party through his "mistake, inadvertence, surprise, or excusable neglect," and cite us to the provisions of §405 and §645 Burns 1914, §§395, 615 R. S. 1881. The sections have no application to the case at bar.

As shown by this record, the appellant Frank G. Conklin had, on December 23, 1907, executed to St. Joseph County Savings Bank his negotiable

3. promissory note for the sum of $2,100, and secured the payment of same by a mortgage on the premises in question. At the time the appropriation proceedings were had and judgment rendered therein said note was unpaid. It was an outstanding personal obligation of Frank G. Conklin, and the holder thereof, had he so chosen, could have maintained an action thereon and enforced payment thereof out of the goods and chattels of said Conklin. The appropriation proceedings in no way discharged, nor even changed, the personal liability of Frank G. Conklin thereon. It was an obligation to which the appellee herein was a stranger and it had a legal right to assume that said Conklin would comply with his contract and take up and discharge such obligation when the same became due, and as between the parties to this suit there was no

legal necessity for the making of the holder of said note and mortgage a party to said appropriation suit.

Conklin, the maker of said note, not having paid the same at maturity, the appellee, to protect the property against a foreclosure, paid said note; and no principle of law is better settled than the rule that, if one is compelled, or is in a situation to be compelled, to pay the debt of another and does pay it, the law implies a promise on the part of him for whom the money is paid, on which an action may be sustained; for in such cases it is not a voluntary, but a compulsory, payment of a debt for which another is legally liable. 2 R. C. L. 776, and authorities cited. See, also, *Duncan, Admr.*, v. *Gainey* (1886), 108 Ind. 579, 9 N. E. 470. In *Weiss* v. *Guérineau* (1887), 109 Ind. 438, 9 N. E. 399, it is said: "One who, for the protection of his own property, is compelled to pay a debt to which he is a stranger, and for the payment of which another is legally liable or equitably bound, becomes entitled, on the principles of subrogation, to avail himself of all the remedies to which the person to whom payment was made was entitled."

In the case of *Chaplin* v. *Sullivan* (1891), 128 Ind. 50, 27 N. E. 425, it is said: "No doctrine of equity jurisprudence is more beneficent in its operation than that of subrogation, properly applied. One of the most familiar cases where this doctrine is applied is where the purchaser of encumbered property, without having assumed the encumbrance, pays it off and discharges it to protect his own rights, or to perfect his own title. It has been uniformly held, in such cases, that he is entitled to be subrogated to the rights of the lienholder, and is entitled to all his securities, rights, remedies, and priorities. And when one, for the protection of his own interests, thus pays the debt of another, the payment is not voluntary."

We find no error in this record, and the judgment of the Elkhart Superior Court is therefore affirmed. Judgment affirmed.