Armand van Baelen and Jeanne M. van Baelen v. Equitable Security Trust Company, a corporation of the State of Delaware, Executor of the Last Will and Testament of Marie A. V. Speakman, Deceased.

_(April_ 12, 1956.)

Carey, J., sitting.

_Robert C. Barab_ for plaintiffs.

_David B. Coxe, Jr.,_ and _Robert B. Walls, Jr.,_ for defendant.

Superior Court for New Castle County, No. 1136, Civil Action, 1953.

CAREY, J.:

The sole question for decision is whether plaintiffs' claim is barred by Title 12, Section 2102, *Revised Code of* 1953, which provides in part as follows:

"* * * all claims against the estate of the decedent, whether due, not due or contingent and including any claim on a bond secured by a mortgage on real estate, not presented to the executor or administrator in writing with an affidavit provided for in section 2104 of this title, and of which he shall not have notice as provided in section 2103 of this title, within one year after the date of the granting of letters to the executor or administrator shall be forever barred."

Section 2104 prescribes the form of affidavit. Section 2103 provides that an executor or administrator shall be deemed to have notice of mortgages (but not of the bonds accompanying such mortgages) and of such judgments as would be liens against real estate at the date of death of the decedent. These sections must be read together. *Wilmington Trust Co. v. Wright, Del. Ch.*, 90 *A.* 2d 480.

Some of the transactions mentioned in the affidavits have occurred since suit was instituted. The factual situation is accordingly somewhat different from that set forth in the complaint. The matter will be treated as though the complaint had been amended to cover the present situation.

Mrs. Speakman took title to a property on April 15, 1947, giving a mortgage on the same day to Wilmington Savings Fund Society in the amount of $7,000. Two weeks later, she conveyed the property to the plaintiffs, reserving to herself a life interest. The plaintiffs claim that she agreed to pay off this mortgage. She did in fact pay $500 on the principal as well as all interest installments until her death. Mrs. Speakman died August 22, 1952, and letters were granted to the defendant four days later. On August 17, 1953, plaintiffs filed in writing a claim with the Executor which was not precisely in the form required by Code

Section 2104. The mortgagee never probated a claim with the Executor.

Several months after this suit was instituted, to wit, on April 29, 1954, the plaintiffs paid off the mortgage and caused it to be satisfied of record. The payment was made to remove the lien from their property in order for them to obtain a new mortgage loan for $12,000.

Defendant contends that the attempted probate was so insufficient as to amount to no probate at all, and that Sec. 2102 therefore bars the plaintiffs' demand. Of course, at the time this claim was filed with the Executor, no money was actually owing to the plaintiffs from the estate of the deceased. At that time, the mortgage was still outstanding and it was not until plaintiffs had paid the mortgage debt in April 1954 that any sums became presently due to the plaintiffs. According to plaintiffs' affidavits, they did not make this payment as mere "volunteers"; they did so to protect their own interest by removing from their property the lien of the mortgage for which the deceased's estate was primarily responsible. Under these circumstances, the law implies a request on the part of the defendant to the plaintiffs to make such payment, and further implies a promise of repayment. 40 *Am. Jur.* 727; 50 *Am. Jur.* 699; *Peterson v. Howell,* 99 *Fla.* 179, 126 *So.* 362; *Conklin v. School City of South Bend,* 73 *Ind. App.* 25, 124 *N. E.* 464; *Brown v. Rosenbaum,* 287 *N. Y.* 510, 41 *N. E.* 2d 77, 141 *A. L. R.* 1345. Assuming the truth of plaintiffs' version of the facts, they have paid a debt for which the deceased's estate was primarily liable and are entitled to reimbursement. The Executor had notice of the claim without any probate whatever. Code Sec 2103. Certainly, if this were a suit by the mortgagee to collect on the mortgage, the limitations statute, Section 2102, would constitute no defense. I see no reason why the presumption of notice under Section 2103 should not inure to the advantage of plaintiffs. The situation is no different from that of an open account, duly probated within the year, but thereafter paid by another, not a mere volunteer. In those circumstances the probate of the claim would bar the

application of Section 2102. The only difference is that here probate of the claim was not required. The attempted probate made by plaintiffs 'was unnecessary and may be disregarded as surplusage. There is accordingly no need to determine whether it was in proper form or whether any defects in it were waived by the Executor.

It is held that the present action is not barred by the limitations statute, Section 2102. Defendant's motion for summary judgment must be denied.