Nov. Term,
1850.

NETTLETON
v.
DIXON.

(1) See *ante*, p. 17.
(2) See 1 Carter's Ind. R. 405.
(3) SMITH, J., was absent.

NETTLETON, Administrator of DIXON, Jun., *v.* DIXON the 3d.

Petition by *A.*, the administrator *de bonis non* of *B.*, stating that not more than 100 dollars can be obtained from the personal estate, and giving a statement of the debts against the estate. It also states that the intestate died seized of certain real estate, leaving *C.* his only heir at law ; and prays that he show cause why said real estate should not be sold to pay the debts. Pleas as follow : 1st. That sufficient goods to pay the debts came to the hands of *D.*, administrator of the estate, which remain unadministered; 2d. That sufficient goods to pay said debts came to the hands of *E.*, administrator *de bonis non*, which are unadministered; 3d. That as to the accounts of certain of the creditors mentioned in the petition, the land ought not to be sold because said accounts accrued more than six years before the filing of the petition. Replications filed. *Held*, that the loss occasioned by the misconduct and insolvency of *E.* must fall on the heir.

*Held*, also, that the circumstance that the accounts named in the third plea had accrued more than six years before the filing of the petition, does not show any *laches* on the part of the creditors ; and that the plea is bad.

Tuesday,
February 11,
1851.

ERROR to the *Posey* Probate Court.

BLACKFORD, J.—This was a petition filed by *Nettleton*, administrator *de bonis non* of the estate of *John Dixon*, jun., deceased. The petition states that not more than 100 dollars can be obtained from the personal estate. The statement in the petition as to the debts against the estate is substantially as follows :

The estate is indebted to *James* and *Carter*, as-
signees of a judgment rendered against it in
favor of *M. Dixon* in the *Posey* Circuit Court,
on the 12th of *September*, 1843, for ········· $285 02
Interest on same to 12th *July*, 1848, ·········    82 65
To *E. R. James*, on account,······ ··········    24 68
*Barton* and *Black's* claim, ···················    90 54

                                                    482 89
Deduct said ····························· 100 00

Deficit, ······························· $382 89

The petition states that the intestate died seized of
certain real estate (which is described), leaving *John
Dixon*, the 3d, his only heir at law.

Prayer that said heir show cause why the said real
estate should not be sold to pay the debts.

There are three pleas:

1. That sufficient goods to pay the debts came to the
hands of *W. Hancock*, administrator of the estate, which
remain unadministered;

2. That sufficient goods to pay said debts came to the
hands of *E. Hancock*, administrator *de bonis non*, which
are unadministered;

3. That as to the accounts of *James*, and *Barton* and
*Black*, the land ought not to be sold, because those ac-
counts accrued more than six years before the filing of
the petition.

Replication to the first plea: Sufficient goods to pay
the debts were received by the administrator, *W. Han-
cock*, who died before administering any part thereof.
The said goods passed to the hands of *E. Hancock*, ad-
ministrator *de bonis non*, who fully administered the same
except 806 dollars, which he wasted. The said *E. Han-
cock* and his surety afterwards died insolvent. The
claims due the estate of said *John Dixon*, jun., will not
yield more than 100 dollars.

Replication to the second plea: Sufficient goods to
pay the debts were received by said *E. Hancock*, ad-

Nov. Term,
1850.
———————
NETTLETON
v.
DIXON.

ministrator as aforesaid, which goods he fully administered except 806 dollars which he wasted. The said *E. Hancock* and his surety afterwards died insolvent. The whole means of said *John Dixon*, jun.'s, estate will not exceed 100 dollars.

The third plea and the replications to the first and second pleas were demurred to generally. The demurrers were all sustained, and final judgment was rendered for the defendant.

This judgment must be reversed. Either the creditors or heir must lose in consequence of the misconduct and insolvency of *E. Hancock* and the insolvency of his surety. We think the loss should fall on the heir; and that the replications are good.

Supposing the statute of limitations may be pleaded in these cases, still the third plea is insufficient. The circumstance that the amounts named in that plea had accrued more than six years *before the filing of the petition*, does not show any *laches* on the part of the creditors. They, for aught shown by the plea, may have previously, and in proper time, taken the legal steps for the establishment of their demands. The plea not showing the creditors to be barred, cannot be valid.

*Per Curiam.*—The judgment is reversed at the costs of the defendant in error. Cause remanded with instructions to the Probate Court to overrule the demurrers to the replications to the first and second pleas. Costs here.

*A. P. Hovey*, for the plaintiff.
*J. Pitcher*, for the defendant.