No. 9230.

## BAKER ET AL. *v.* GRIFFITT, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Sale of Lands.—Consent of Creditors.— Payment of Debts.—Guardian's Sale.*—That a former administrator had sufficient assets to pay an intestate's debts, and that he, with the assent of the cred-

83   411
126   330
83   411
155   263
155   264

itors of the estate, "conveyed and delivered" the real estate to an heir, whose guardian, by order of court, sold it, and it was thereafter conveyed to a purchaser for value who did not know or believe it would be needed to pay the intestate's debts, are not such facts as will bar an application by the administrator *de bonis non* for the sale of the same real estate to pay debts.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. E. McCord,* for appellants.

*G. A. Adams* and *J. S. Newby,* for appellee.

BICKNELL, C. C.—Samuel S. Griffitt, administrator *de bonis non* of John C. Baker, deceased, filed a petition to sell real estate of the decedent.

Rachel Miller, widow and administratrix of Henry W. Miller, Robert T. Miller, Mary Miller, Catharine E. Miller and Ella Miller, heirs of Henry W. Miller, were made defendants, as purchasers of the real estate from the heirs of said John C. Baker. This case was No. 675 on the docket of the court.

The said Rachel Miller had a petition pending in the same court for the sale of the same land to make assets to pay the debts of said Henry W. Miller. This case was No. 676 on the docket.

In No. 675 an order of sale was made by the court on the 6th of May, 1880, and the cause was continued for sale.

On the 10th of May, 1880, the court, "by agreement of parties," made an order consolidating the causes Nos. 675 and 676, and "the whole matter" was submitted to the court for trial.

The court found that all the lands mentioned in both petitions, except what had been set off to said Rachel Miller as widow, and except eighty acres in Monroe county, mentioned in the petition in No. 676, and which never had belonged to Baker, should be sold to pay the debts of said John C. Baker and Henry W. Miller, and that Baker's debts should be first paid; and that if the proceeds of such sale would not satisfy Baker's debts, then the part set off to said Rachel Miller as

widow should also be sold for that purpose; and that if there should be any surplus of the proceeds of the sale of said land formerly Baker's, other than said Rachel's part, that surplus, and also the proceeds of the sale of said eighty-acre tract in Monroe county, should be applied in payment of said Miller's debts.

Judgment was rendered upon this finding, and a commissioner was appointed to make the sale, who gave the usual bond. The judgment was rendered on May 10th, 1880, of April term, 1880.

At the September term of said court, 1880, the consolidated cause was continued.

At the November term of said court, 1880, on the 24th of November, 1880, the said Rachel Miller, as administratrix of Henry W. Miller, and Lemuel Guthridge, one of the creditors of said Henry Miller, for himself and the other creditors, filed their joint petition, duly verified, praying that so much of the judgment aforesaid as disposed of the proceeds of the sale be set aside, and that the petitioners be permitted to come in and show that the proceeds ought to be applied in payment of the debts of said Henry W. Miller.

It will be observed that no objection was made to the consolidation of the causes, nor to the finding, nor to the judgment, and it will be observed that the petition of Mrs. Miller and Guthridge does not demand that the finding and judgment be set aside, but only that "so much of the judgment as directs the application of the proceeds be set aside," and that the petitioners be permitted to show that such proceeds ought to be applied in payment of the debts of said Henry W. Miller.

The averments of the petition are substantially as follows: That Harvey Baker, the former administrator of John C. Baker, had assets to pay all the decedent's debts; that with the assent and concurrence of the creditors of the estate, he "deeded and delivered" the lands in controversy to the guardian of said decedent's heirs, who, with the knowledge of said former administrator and said creditors, sold said lands,

under an order of court, to said former administrator and one Jacob Lefavor, by whom said lands were sold to said Henry W. Miller, who died seized thereof; that said guardian and said Henry W. Miller did not know the lands would be needed to pay the decedent's debts; that said Harvey Baker, the former administrator, and said Lefavor had no such knowledge or belief; that said Lefavor and Miller were innocent purchasers for value; that all of said lands, together with eighty acres in Monroe county, owned by said Miller, and not purchased from the heirs of said John C. Baker, are needed to pay the debts of said Henry W. Miller; that said Rachel Miller knew nothing of said decree until long after it was rendered, and understood its entire nature only within a few days last past; that she never authorized anybody to surrender any property or rights of her husband's estate or of his creditors; that she was not properly represented in the matter, and was ignorant of what ought to be done for her own protection or for the protection of her husband's creditors, and did not know when the matter would be heard; that she never consented to the consolidation of the two causes, nor to the decree; that said guardian and said Lefavor, and said Miller, had no knowledge of any claim of said creditors of Baker upon said lands until after the land had been paid for and valuable improvements had been made thereon; that petitioners were prevented from making defence to said proceedings by having no knowledge of any proceeding in court looking to such decree; that said decree ought to be changed as to said Rachel as prayed for, on the ground of inadvertence and excusable neglect, and, as to the creditors of said Henry W. Miller, on the ground that said decree disposes of property which, in good faith and law, ought to be applied to their claims.

This petition was overruled on December 9th, 1880, and the said Rachel Miller and Lemuel Guthridge excepted to said ruling and appealed to this court, and gave an appeal bond pursuant to sections 189 and 190, 2 R. S. 1876, p. 557,

which provide for appeals from any decisions in matters connected with decedents' estates.

An appeal could not be taken from the order of sale under sections 550 and 556 of the civil code, because those sections authorize appeals only in cases of final judgments, *Staley* v. *Dorset,* 11 Ind. 367, and the order of sale is not a final judgment. An appeal could not be taken from the order of sale under the provisions of sections 576 and 577 of the civil code,'2 R. S. 1876, pp. 245, 246, because such an appeal must be taken at the term at which the order of sale was made, and here the order of sale was made at April term, 1880, and the appeal was taken at November term, 1880. *Simpson* v. *Pearson,* 31 Ind. 1.

The appellant has assigned several errors, but the only question presented by this appeal is, did the court err in overruling the petition of Mrs. Miller and Guthridge? No question arises as to any irregularities in the previous proceedings.

In *Nettleton* v. *Dixon,* 2 Ind. 446, where the administrator had sufficient personalty to pay all the decedent's debts, but had wasted the same and died insolvent, it was held that these facts were no bar to a petition to sell the real estate of the decedent to make assets to pay debts.

In *Moncrief* v. *Moncrief,* 73 Ind. 587, it was held that the consent of the administrator to a sale of land by the heir would not divest the creditor of his right to have his debt paid out of the proceeds of the land, and that this right may be enforced by an order for the sale of the land on the petition of the administrator, as well as on the petition of the creditor.

In *Weakley* v. *Conradt,* 56 Ind. 430, it was held that the purchaser of real estate of an intestate, prior to the settlement of such estate, takes the same subject to the right of the administrator to cause it to be sold to pay the debts of said estate.

Rachel Miller had appeared in No. 675 and had pleaded that the former administrator of Baker had assets sufficient,

and had wasted them, and that the guardian of the heirs of Baker had sold the land, under an order of court, to certain persons from whom her husband had bought the lands for value without notice, and had taken possession of them and had died seized thereof; the plaintiff had replied in denial of that answer, and this was one of the issues in the case. She had also pleaded the general denial. The only additional facts stated in the petition as to said lands are, that the administrator, with the assent and concurrence of the creditors of Baker, " deeded and delivered " the lands to the guardian of Baker's heirs, and that said creditors knew of the order of court for the sale of said lands, and that none of the parties knew or believed that the lands would be needed to pay debts of the deceased.

These facts would not authorize any change in the decree; Baker's land descended to his heirs, subject to Baker's debts; the " delivery " of the land by the administrators to the guardian of the heirs had no effect upon their rights; the " assent and concurrence " of Baker's creditors, in such delivery, amounted to nothing; all the parties knew, or ought to have known, that a sale of the land by the guardian would not defeat the claims of the creditors; it was immaterial by whom the land was held, while it remained subject to the creditors' claims, if the personalty should prove insufficient; and a mere concurrence in the delivery to the guardian of land already belonging to the heirs, together with knowledge that the guardian had procured an order to sell the land for the benefit of the heirs, was not a waiver of any of the creditors' rights, and created no estoppel as to them.

It is urged by the counsel for the appellants that the case falls within the letter as well as the spirit of sections 99, 773 and 775 of the civil code. Section 99 requires the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect; but there was no such judgment in this case. Mrs. Miller appeared in her own suit; she appeared and pleaded in the suit

of the administrator *de bonis non* of Baker; the consolidation of the two suits was by agreement of the parties in both suits; and the decision appealed from by Mrs. Miller and Lemuel Guthridge ought not to be modified as prayed for in their petition.

Section 773 of the code applies to judgments rendered upon the agreement of an attorney; but the decision here appealed from was not such a judgment.

Section 775 of the code applies to cases where an attorney has appeared for a party without authority; but there is no allegation of any such appearance in this case.

The decision appealed from ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the decision appealed from in this case by the said Rachel Miller, administratrix, and Lemuel Guthridge, be and the same is hereby in all things affirmed, at the costs of the appellants.