Moore *v.* Moore.

---

MOORE, ADMINISTRATOR, *v.* MOORE ET AL.

[No. 19,171. Filed May 15, 1900. Rehearing denied July 10, 1900.]

EXECUTORS AND ADMINISTRATORS.—*Sale of Real Estate to Pay Debts.* —*Contract with Administrator and Heirs for Sale.*—Administrator instituted proceedings to sell real estate to pay debts. A cross-complaint therein was filed setting forth that under an agreement of sale with the administrator and the heirs the cross-complainant took possession of the real estate and made valuable improvements thereon, and asking that cross-complainant be given a first lien on the proceeds of the sale for the value of the improvements. *Held*, that the cross-complaint did not state a cause of action.

From the Boone Circuit Court. *Reversed in part.*

*I. M. Sharp,* for appellant.

*C. M. Greenlee, B. R. Call* and *A. J. Shelby,* for appellees.

MONKS, J.—Appellant commenced this proceeding to sell the real estate of his intestate, described in the petition,

to pay debts. Charles J. and Ada Fox were made defendants to said petition to answer as to their interest, if any, in said real estate. Ada Fox filed a cross-complaint, asking that she be reimbursed for valuable and lasting improvements made by her on said real estate, and for other relief. After issues were joined, the cause was tried by the court, and, over appellant's motion for a new trial, said real estate was ordered sold, and that, after applying a part of the proceeds of the sale to the payment of the debts of said decedent, said Ada Fox be paid the sum of $800 to reimburse her for the improvements made by her on said real estate, and the remainder to be accounted for by said administrator.

The assignment of errors calls in question the sufficiency of the cross-complaint of Ada Fox.

The allegations of the cross-complaint of Ada Fox are substantially as follows: That Willis E. Moore died intestate in September, 1896, the owner of the real estate described in the petition, leaving as his only heirs his sons Jonathan J., David A., and Willis C. Moore; that said Jonathan J. was duly appointed administrator of his estate; that in 1897 the cross-complainant entered into an oral agreement with said Jonathan J. Moore, administrator, and the other heirs, that said administrator was to obtain an order of court to sell said real estate at private sale, and convey the same to this cross-complainant, for which she was to pay $1,200; that under said agreement she took possession of said real estate, and while in possession thereof she made lasting and valuable improvements thereon in rebuilding the dwelling-house and outhouses and fences, to the value of $1,050; that said real estate, by reason of said improvements, has been greatly enhanced in value, and is now worth $2,500, and without them would not be worth over $1,200; that this cross-complainant took possession of said real estate and made said lasting improvements thereon, relying upon the statement made and the agreement en-

tered into with said parties as herein set forth; that said parties and said administrator at the time of making said agreement represented to this cross-complainant that said estate was solvent, and that said real estate would not be needed by said administrator to pay the liabilities of said estate; that said administrator and said parties have failed and refused to carry out their part of said agreement, or any part thereof. Prayer that the court "order said administrator to sell said real estate and the improvements thereon, and that the cross-complainant be given a first lien on the proceeds of said sale for $1,400, the present value of said improvements," etc.

The devisee or heir of real estate takes the same subject to the indebtedness of the deceased. *Baker* v. *Griffitt,* 83 Ind. 411, 416; *Moncrief* v. *Moncrief,* 73 Ind. 587; *Weakley* v. *Conradt,* 56 Ind. 430.

In this State the real and personal estate of a decedent are equally chargeable with the payment of his debts, it being provided, however, that the real estate can only be sold when the personal estate has been exhausted, or is insufficient for the payment of debts. *Fiscus* v. *Moore,* 121 Ind. 547, 552, 553, 7 L. R. A. 235. Under our statutes the real estate is as completely subject to the debts of the intestate as the personal estate, and when the personal estate is sufficient to pay the debts of the intestate, yet if it is wasted by the administrator the real estate may be sold for the payment of debts of the intestate, even though the heirs have sold and conveyed the same to third parties. *Fiscus* v. *Moore, supra; Nettleton* v. *Dixon,* 2 Ind. 446; Henry's Prob. Law, §188. It is evident, therefore, that a purchaser from the heirs acquires precisely the same right and interest the heirs have, and no more, and he is bound to know that until the estate is finally settled the sale of the real estate may become necessary for the payment of debts. Henry's Prob. Law, §§189, 195; *Chapman* v. *Sullivan,* 128 Ind. 50.

It is clear, therefore, that the rights or interests in said real estate, if any, acquired by appellee Ada Fox from the heirs of said decedent under the alleged oral agreement, are subject to the debts of said deceased, and she is entitled to no relief or protection in this proceeding on account of any such rights or interests acquired from the heirs. *Fiscus* v. *Moore,* 121 Ind. 547, 553.

The consent of the administrator to a sale of the land by the heirs does not devest the creditor of his right to have his debt made out of the land, nor estop the administrator from procuring an order of sale to pay such creditor. *Moncrief* v. *Moncrief,* 73 Ind. 587, 591; *Baker* v. *Griffitt,* 83 Ind. 411, 415.

An administrator has no right to the possession of the real estate of his decedent, but the title to the same, with the right of possession, vests at the instant of the death of the intestate in his heirs subject to the debts of the intestate, and they take and retain such title with all the rights and incidents belonging thereto subject to the right of the administrator to procure an order to sell the same to pay said debts.

An executor or administrator has no authority to sell the real estate of his decedent, except by order of court, in the absence of a testamentary provision authorizing such sale. *Duncan* v. *Gainey,* 108 Ind. 579, 584; *Edwards* v. *Haverstick,* 47 Ind. 138; *Hankins* v. *Kimball,* 57 Ind. 42; *Kidwell* v. *Kidwell,* 84 Ind. 224. An estate is not liable for false representations or other torts of an administrator. *Riley* v. *Kepler,* 94 Ind. 308, 311, and cases cited.

It is clear that the administrator had no authority to make the contract alleged in the cross-complaint, and that the appellee Ada Fox acquired no right, title, or interest whatever in or to said real estate from said administrator under said contract. She was bound to know that said administrator had no authority to make such contract, and that she acquired no right thereunder from him or against

said estate. She made the improvements alleged with full knowledge of such want of authority, and her rights are no greater than they would have been if the administrator had not joined in said oral contract, and had never made any agreement or representation as such. It is clear that said cross-complaint did not state facts sufficient to constitute a cause of action.

So far as the judgment orders $800 of the proceeds of the sale of real estate paid to Ada Fox, and adjudges costs in her favor, the same is reversed, with instructions for further proceedings in accordance with this opinion.