## TIPPECANOE LOAN AND TRUST COMPANY, ADMINISTRATOR, v. CARR ET AL.

[No. 5,818. Filed October 30, 1906. Rehearing denied February 26, 1907. Transfer denied May 3, 1907.]

1. PLEADING.—*Complaint.—Decedents' Estates.—Real Estate.—Petition to Sell.—Personalty.*—A petition by an administrator to recover the proceeds of the sale of decedent's real estate by his widow, alleging that .such widow converted such proceeds and "other personal property," is insufficient, since such petition must allege directly, and not by inference, that such decedent did not leave personal property sufficient to pay his debts. p. 127.

2. DESCENT AND DISTRIBUTION.—*Real Estate.—Debts.*—Real estate descends to the heirs upon the death of the ancestor; but their title may be divested where the personal property of such decedent is not sufficient to pay his debts. p. 128.

3. PLEADING.—*Complaint.—Decedents' Estates.—Sales of Real Estate.—Heirs.*—A petition by an administrator to recover the proceeds of his decedent's real estate, sold by the widow, which alleges that she is the only heir, sufficiently shows that she is the owner in fee of his real estate. p. 128.

4. DECEDENTS' ESTATES.—*Sales of Real Estate.—Statutes.—Construction.*—Under §2485 Burns 1901, §2332 R. S. 1881, a decedent's real estate may be sold for the payment of his debts, but an order of the court must first be obtained. The statute being in derogation of the common law must be strictly followed. p. 128.

5. SAME.—*Sales of Real Estate by Widow.—Proceeds.—Recovery.*—The administrator is not authorized by §2485 Burns 1901, §2332 R. S. 1881, to recover the proceeds of his decedent's real estate, but is confined to the land itself. p. 129.

6. VENDOR AND PURCHASER.—*Decedents' Estates.—Sales of Real Estate.—Title.*—The purchaser of real estate belonging to the estate of a decedent takes the title subject to the law giving the ad-

ministrator the right to subject such real estate to the payment of decedent's debts which cannot be paid from the personalty. p. 129.

7. DECEDENTS' ESTATES.—"*Intermeddlers.*"—*Who Are.*—The decedent's widow, who is his only heir, and who sells his real estate, is not an "intermeddler" within the meaning of §2413 Burns 1901, §2258 R. S. 1881, making persons liable "who shall unlawfully intermeddle with any of the property of a decedent." p. 129.

8. GARNISHMENT.—*Complaint.*—*Insufficiency as to Principal Defendant.*—A complaint which is insufficient as against the principal defendant is insufficient as to the garnishee defendant, garnishment being a mere incident to the principal action. p. 129.

From Tippecanoe Circuit Court; *Richard P. DeHart,* Judge.

Action by The Tippecanoe Loan and Trust Company, as administrator of the estate of John B. Oglebay, Jr., deceased, against Ada May Carr and another. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Will R. Wood* and *Oglebay & Oglebay,* for appellant.
*Stuart, Hammond & Simms,* for appellee.

MYERS, J.—Appellant commenced this action against appellees, charging appellee Carr with the sale of real estate belonging to appellant's decedent, and appropriating the proceeds arising from such sale to her own use. Also with the conversion of personal property, and personal judgment is demanded. The complaint consisted of two paragraphs. A demurrer for want of facts was sustained to the first, and thereafter the second paragraph was dismissed. Judgment in favor of appellees. The ruling of the court in sustaining the demurrer to the first paragraph is the only error assigned. The substance of the paragraph in question shows that appellant is the duly qualified and acting administrator of the estate of J. P. Oglebay, Jr., deceased; that said decedent left as his only heir at law his wife, now Ada May Carr, one of the appellees herein; that no administration was ever had upon said estate; that decedent, at the time of his death, was the owner of certain real estate in Tippecanoe county, Indiana; that thereafter his wife sold

said lands, and, in payment therefor, received certain promissory notes; that said notes, as well as the proceeds resulting therefrom, belong to the estate of said decedent, and appellant, as administrator, is entitled to the same, to be administered upon as provided by law; that a claim for $1,000, evidenced by a promissory note executed by said Oglebay in his lifetime, has been filed against said estate; "that there is now due from said defendants to said complainant the sum of $2,000, on account of moneys and other personal property, which said defendant Ada May Carr has wrongfully converted to her own use, which property belongs to your complainant, as administrator of said estate as aforesaid;" that the assets above referred to are the only assets within the knowledge of appellant out of which to pay the liabilities thereof; that appellee Ada May Carr is a nonresident and the National Fowler Bank of Indiana is made a garnishee defendant, under the belief that it has in its possession, as agent of appellee Carr, said notes or the proceeds thereof. Judgment for $2,000 is demanded.

There is no direct averment in this paragraph that appellant's decedent, at the time of his death, owned any personal property. The statement that "other personal property" was converted by Mrs. Carr to her own use, in the absence of a showing of property of that character to appropriate, is of no consequence. The rule is that matters of necessary inference from substantial facts are to be considered on demurrer, although they may be imperfectly or defectively pleaded. *Malott* v. *Sample* (1905), 164 Ind. 645; *Wagoner* v. *Wilson* (1886), 108 Ind. 210; *Evansville, etc., R. Co.* v. *Darting* (1893), 6 Ind. App. 375. But the pleader is not entitled to have a substantial or ultimate fact inferred from a mere recital or conclusion in aid of a pleading thus challenged (*Greenfield Gas Co.* v. *Trees* [1905], 165 Ind. 209; *Indianapolis, etc., Transit Co.* v. *Foreman* [1904], 162 Ind. 85; *South Bend, etc., Plow Co.* v. *Cissne* [1905], 35 Ind. App. 373), and this we would be compelled to do if the

pleader's statement in this paragraph in regard to personal property is to have any force.

The law is well settled in this State that the title to lands upon the death of the owner intestate immediately vests in the heirs of such deceased owner, but may be divested should the personal estate prove insufficient to pay the debts of such decedent. *Rountree* v. *Pursell* (1895), 11 Ind. App. 522, 537; *Humphries* v. *Davis* (1885), 100 Ind. 369; *Moore* v. *Moore* (1900), 155 Ind. 261; *Weakley* v. *Conradt* (1877), 56 Ind. 430.

The pleading avers that appellee Carr is the sole heir of appellant's decedent, and, being the only heir, it follows that at common law and by force of the statute, nothing to the contrary appearing, she took the fee to the land. *Rountree* v. *Pursell, supra; Haugh* v. *Smelser* (1903), 31 Ind. App. 571; *Walker* v. *Diehl* (1875), 79 Ill. 473.

The authority of an administrator to sell real estate to pay debts, in the absence of a testamentary provision to that effect, is statutory, and can be legally exercised only by order of court. *Moore* v. *Moore, supra; First Nat. Bank* v. *Hanna* (1895), 12 Ind. App. 240, 245; *Walker* v. *Diehl, supra.* At common law an administrator has no dominion over the real estate of his decedent for any purpose. But, by statute (§2485 Burns 1901, §2332 R. S. 1881), the common-law rule has been modified, so that now an administrator may sell decedent's real estate to make assets for the payment of debts, when there is an insufficient personal estate (§2489 Burns 1901, §2336 R. S. 1881), by first obtaining an order from the court so to do. That proceeding being purely statutory, the procedure and rules of practice thus prescribed must be followed. *Seward* v. *Clark* (1879), 67 Ind. 289, 294.

It is the land and not the proceeds derived from the sale thereof by an heir which the statute authorizes an admin-

istrator to convert into assets for the purpose of paying debts of a decedent. As we have seen, Mrs. Carr took the title to the land, and for aught that appears took possession of the same and had the benefit of its use. True, the land was chargeable with the payment of the debts of appellant's decedent, but the fact that it was sold by Mrs. Carr to a third party made it none the less liable to be taken by the administrator for that purpose. The purchaser acquired only the rights of the heir, and was "bound to know that until the estate is finally settled the sale of the real estate may become necessary for the payment of debts." *Moore v. Moore, supra.* The sale of the land by Mrs. Carr cannot be regarded as anything more than a sale of her interest or equity therein. The right of the administrator was in noway abridged, nor is it shown that the administrator in any manner thereby suffered any injury or damage whatever. Therefore, as to such administrator, we cannot say, under the pleaded facts, that the Carr sale was unlawful or that her possession of the proceeds received from such sale is wrongful.

The principle underlying appellant's argument applies to persons characterized by our statute (§2413 Burns 1901, §2258 R. S. 1881), as intermeddlers, and is not applicable to the case at bar, for the reason that Mrs. Carr's alleged liability grows out of the exercise of a legal right, while the principle for which appellant contends is effective to create liability against persons "who shall unlawfully intermeddle with any of the property of a decedent." §2413, *supra.* The demurrer of appellee Carr was properly sustained.

By proper garnishee proceedings in the court below appellee the National Fowler Bank was made a garnishee defendant. It filed a demurrer to the complaint for want of facts. This demurrer was also sustained to the first paragraph, and this ruling is assigned as error. The purpose of a garnishee pro-

ceeding is to furnish a process for the collection of the judgment rendered in the main action. It is a mere incident to that action and depends upon it. *Robbins* v. *Alley* (1872), 38 Ind. 553. Without a valid judgment against the principal defendant, the garnishee proceedings based thereon must fall. *Matheney* v. *Earl* (1881), 75 Ind. 531; *Debs* v. *Dalton* (1893), 7 Ind. App. 84; *Pick* v. *Mutual Life Ins. Co.* (1900), 94 Ill. App. 483; *Hauptman & Co.* v. *Whittle* (1900), 85 Mo. App. 188; Drake, Attachment (7th ed.), §460. In the case at bar Mrs. Carr is the principal defendant, and, as judgment on demurrer was rendered in her favor, the element essential to sustain a valid judgment against the bank as garnishee is wanting. This being true, it follows that the ruling on the bank's demurrer is harmless.

Judgment affirmed.