LUKE ET AL v. INDIANA TRUST COMPANY, ADMINISTRATOR.

[No. 13,181. Filed January 27, 1928.]

1. EXECUTORS AND ADMINISTRATORS.—*Administrator has no control over decedent's real estate, except to sell it to pay debts.*— The Decedents' Estates Act (§§3066-3077 Burns 1926), providing generally for the appointment of administrators and fixing their powers and duties, gives an administrator of an estate no control of the real estate except to sell it to pay debts. p. 721.

2. EXECUTORS AND ADMINISTRATORS.—*Special administrator in will contest has no control of decedent's real estate.*—The power and authority of a special administrator appointed to serve during the contest of a will are more limited than are those of a general administrator, and, therefore, he has no control over the decedent's real estate; he cannot even sell real estate to pay debts. p. 721.

3. EXECUTORS AND ADMINISTRATORS.—*Court appointing special administrator cannot extend his authority so as to give him possession of decedent's real estate.*—The authority of a special administrator is limited by law, and the court appointing him has no power to extend the authority of the special administrator beyond that given by the statute, and it cannot authorize him to take possession of decedent's real estate and collect the rents, or to require that rents collected by an heir be turned over to such administrator. p. 721.

From Marion Probate Court (24,399); *Mahlon E. Bash*, Judge.

Proceeding by the Indiana Trust Company as special administrator of the estate of Charlotta Adam against Mary E. Luke and others. From the decree entered therein, the defendants appeal. *Reversed.* By the court in banc.

*Frank A. Bruce, Martin B. Hall* and *Richard L. Ewbank*, for appellants.

*Edward W. Little* and *Theophilus J. Moll*, for appellee.

REMY, C. J.—On February 15, 1926, Charlotta Adam died the owner of six tracts of real estate, the rental value of which was, and is, approximately $1,500 per annum. The decedent left a will, to resist the probate

of which, a suit was instituted by one of decedent's heirs at law. Since decedent's death, the rents of the real estate have been collected by appellant Mary E. Luke. In June, 1927, at the request of some of the heirs, the court appointed the Indiana Trust Company as special administrator of the estate. There was no objection to the appointment, and the right of the court to make the appointment, is not questioned. Following appointment, the special administrator made a demand upon Mary E. Luke, Albert Luke and Martin B. Hall, appellants herein, for possession of the real estate, together with all rents collected since decedent's death. Compliance with the demand having been refused, the special administrator, appellee herein, filed with the court its petition, entitled, "In re, Charlotta Adam Estate," setting forth that, since decedent's death, the rents and profits of the real estate of which she died seized had been collected by Mary E. Luke, who, with her husband, Albert Luke, and Martin B. Hall had assumed the control and management of all of the real estate, and that, upon demand, they had refused to deliver to petitioner the property and accumulated rents. The petition closed with a prayer that Mary E. Luke, Albert Luke and Martin B. Hall be cited to appear before the court and show cause for refusing to turn over to the special administrator the property and rents, and that, upon further refusal, they be punished as intermeddlers, and for obstructing the work of the special administrator. A citation having been issued, the parties appeared specially, and jointly and severally filed, in the order here given, a motion to quash the citation and return, exceptions to the petition and citation, an offer to answer interrogatories, and a motion to make additional parties to the proceeding, the court's ruling on each of which was adverse to appellants. Appellants then filed an answer setting up the facts as to the death of decedent,

giving names of her heirs at law; that decedent had executed a will, a copy of which was set forth; that, during the six years immediately prior to her death, decedent had made her home with appellant Mary E. Luke; that, upon decedent's death, a suit to resist the probate of the will had been instituted which was still pending; that, at the time the suit was commenced, it was agreed by and among the heirs that, pending the suit, "Mary E. Luke should keep the property rented, collect the rents, pay for the necessary repairs, pay the taxes, insurance and decedent's funeral expenses, and that for her services she should retain a sum equal to five per cent. of the amount collected, the net receipts to be deposited with some trust company; that she had in all ways complied with the agreement, and had on deposit for the benefit of those who would be entitled thereto the sum of $1,191.86; that Mary E. Luke is an heir at law and devisee of decedent, and that her acts in collecting the rents and caring for the property have been performed as such heir and as agent of the other heirs and devisees; that Albert Luke and Martin B. Hall have collected no rents, and have in their possession none of the rents and no property belonging to the estate of decedent; that Mary E. Luke has no property or money belonging to the estate, the money she has being the proceeds of the rents which have accrued, and which have been collected, since decedent's death.

A demurrer to the answer, for insufficient facts, having been sustained, appellants refused to plead further, and judgment was rendered against them, the judgment being as follows: "It is therefore considered, adjudged and decreed that the said respondents are ordered to pay to the said Indiana Trust Company as such special administrator the sum of $1,310.59 shown as collected for rentals on said real estate, together with all other rentals on the said decedent's real estate, since

the first day of July, 1927, and that, on failure so to do, the said Indiana Trust Company, as such special administrator, recover of and from the respondents the said sum of $1,310.59, together with all rentals collected since July 1, 1927. It is further considered and adjudged that the said Indiana Trust Company, as such special administrator, recover of and from said respondents the possession, custody and control of all of the real estate owned by said decedent at her death, located in Marion county, Indiana, to wit:   *   *   *   It is further adjudged and decreed that said special administrator recover of and from the respondents its costs in this proceeding, taxed at $ . . . . . . . ."

The only error assigned which will require consideration is the ruling of the court on demurrer to respondent's answer. The important question is whether a probate court of this state has authority to decree that, pending a suit to resist the probate of a will, a special administrator, as against the heirs, shall have the right of possession, and the right to the proceeds, of the real estate of which the decedent died seized.

At the outset, we call attention to the fact that, in this state, there are two statutes, each providing for the appointment, and fixing the duties, of a special administrator; the act of 1857 (Acts 1857 p. 4, §3073 Burns 1926) which authorizes the appointment of a special administrator pending contest of a will, and §§16 and 17 of the Decedents Estates Act of 1881 (Acts 1881 p. 427, §§3071 and 3072 Burns 1926). In the case at bar, the appointment of the special administrator and the court's order were made pursuant to the act of 1857.

Section 1, Art. 7 of the state Constitution provides that: "The judicial power of the state shall be vested in a Supreme Court, in circuit courts, and in such other courts as the General Assembly may establish." The

Constitution did not establish a probate court, nor did it fix the jurisdiction of the circuit courts. Following the adoption of the Constitution, the General Assembly by enactment gave to the circuit courts jurisdiction in all probate matters. This enactment remains the same, except as it is affected by the act of 1907, which established a probate court in each county containing a city of more than one hundred thousand inhabitants. The probate courts thus established (including Marion Probate Court) were given, in counties where organized, original and exclusive jurisdiction in all probate matters, and concurrent jurisdiction in applications for the appointment of receivers, and in some other matters. Acts 1907 p. 240, §§1753-1802 Burns 1926.

The Decedents Estates Act, providing generally for the appointment of administrators, and fixing their powers and duties, gives to the administrator of 1-3. the estate of an intestate no control of the real estate of which the intestate died the owner, except to sell the same to pay debts; and the Supreme Court, in construing the act, has frequently so decided. *Moore* v. *Moore* (1900), 155 Ind. 261, 57 N. E. 242; *Kidwell* v. *Kidwell* (1882), 84 Ind. 224; *Hankins, Admr.,* v. *Kimball* (1877), 57 Ind. 42. The authority of the court to appoint a special administrator is also fixed by statute, as are the powers and duties of such trust officer. When, as in this case, there is a contest of a will, the statute authorizing the appointment of a special administrator provides that such administrator "shall proceed to collect the debts due said testator, by suit or otherwise, and to sell the personal property of said testator, and also to pay the claims against his estate, in the same manner and under the same regulations as are now required of administrators of intestates, so far as the same may be done consistent with the terms of such

will." Acts 1857 p. 4, §3073 Burns 1926. The powers given to a special administrator, appointed pursuant to this statute, are more limited than are those given to a general administrator appointed pursuant to the act governing the settlement of decedents' estates; the special administrator cannot even sell real estate to pay debts. But it is contended by appellee that the Marion Probate Court, as a court of equity, had the power, in the interest of the estate, to extend the authority of the special administrator beyond that given by the statute. We do not so understand the law. A suit having been instituted to resist the probate of the will of Charlotta Adam, the statute gave to the Marion Probate Court jurisdiction to appoint a special administrator to serve pending the litigation, and to direct such administrator in the administration of the trust, but the authority of the court in making the appointment, and in directing the execution of the trust, is fixed and limited by the statute. The court in administering the law, like the legal representative in administering the trust, must follow the statute which marks the way. *Ex parte Bollmann* (1807), 4 Cranch *75, 2 L. Ed. 554. As is well stated by Chief Justice Marshall in *Osborn* v. *United States Bank* (1824), 22 U. S. (9 Wheat.) 737, at page 865: "Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law." Although a court has certain inherent powers, not necessary here to be defined, it is sufficient to say that, in this case, the court, in

administering the law as embodied in the act providing for the appointment, and in fixing the duties, of a special administrator, had no inherent power to enlarge the authority of the special administrator beyond that fixed by the statute.

It may be that, under the unusual facts as shown by the record, the court, upon a proper application, would have been authorized to appoint a receiver to take charge of the real estate pending the litigation, but as to that we express no opinion.

We hold that the Marion Probate Court was without authority to decree that the special administrator should take charge of the real estate and collect the rents; and that the court erred in sustaining demurrer to respondents' answer.

Reversed.