## SOUDER ET AL. *v.* RUDE.

[No. 14,843. Filed February 14, 1935.]

*Joseph C. Herron,* for appellants.

*Marshall, Hillis & Coffel,* for appellee.

DUDINE, P. J.—Appellants are the heirs of John Thomas, who died testate, and who, at the time of his death, was the owner of certain real estate. His will was duly probated and letters of administration with the will annexed of his estate were issued to John Souder on April 8, 1929.

On July 18, 1929, Souder entered into a written agreement with appellee, whereby Souder agreed to sell and appellee agreed to buy said real estate for "the sum of fifty-five hundred ($5500.00) dollars to be paid when conveyance is made to second party (appellee)."

> The contract further provided that, "The second party delivers to the first party (Souder) the sum of Five hundred ($500.00) Dollars as a payment showing good faith in this contract. The title is to be given . . . on or before September 10th, 1929. If the first party does not give title by the 10th of September, 1929, this Five Hundred dollars forfeit must be returned to the second party. . . ."

Souder signed the agreement as follows: "John W. Souder, Administrator of the estate of John Thomas, deceased," and the formal part of the contract showed that he entered into the contract as such administrator.

He did not obtain authority from court to enter into the agreement.

The administrator's final report was approved and he was discharged on March 11, 1930.

Appellee instituted this cause of action against Souder in his individual capacity, against him as agent of appellants and against appellants on or about April 13, 1931.

The complaint alleges "that the defendant John W. Souder, as administrator of the estate of John Thomas, deceased, and as agent for the defendants Harriett Souder, Ray Thomas, Lewis Thomas, Harmon Downhour, and John Thomas Burris" entered into said contract; that appellee paid said $500.00 "to the defendants," pursuant to said contract; that defendants failed to deliver a marketable title on or before September 10, 1929; that upon request of defendants, appellee extended the time within which to deliver a marketable title, but they failed to furnish such title within the extension of time; that appellee moved on the premises however after the execution of the contract, and has remained therein; that $198.00 is a fair and reasonable rental for the same for the time occupied by him, that appellee demanded of defendants a return of $302.00, the difference in amount between said $500.00 down payment, and said $198.00 rental amount, and the complaint prayed judgment against the defendants in the sum of $302.00. The contract was made part of the complaint.

John Souder as administrator filed a separate answer in two paragraphs, the first being a general denial. It will serve no good purpose to discuss his second paragraph of answer. All other defendants joined in an answer of general denial.

The cause was submitted to the court for trial, and the court found for appellee against appellants and rendered judgment against them in the sum of $302.00. The court found for John Souder and John Souder, agent.

Appellants filed a separate and several motion for

new trial which was overruled, and this appeal was perfected, the sole error being the overruling of said motion for new trial.

The causes for new trial, alleged in the motion therefore are (1) The decision is contrary to law; (2) the decision is not sustained by sufficient evidence.

The evidence shows, without dispute, the facts set forth herein, and that the will of John Thomas did not empower John Souder to sell the real estate; and that appellee paid the $500.00 by check and John Souder endorsed the check as follows, "John Souder Agent."

Souder testified that his reason for signing it as agent was "prior to Mr. Thomas' death, he always had me doing business for him as his agent and when he died, I just continued to carry the money in the bank under that head."

There was no evidence introduced showing that appellants granted authority to John Souder to act as their agent in contracting for the sale of real estate.

John Souder, having failed to obtain court authority to sell the real estate, decedent's will having no provisions which empowered him to sell the real estate, and appellants not having constituted or appointed him as their agent, Souder could not bind appellants by the contract. See *Moore* v. *Moore* (1900), 155 Ind. 261, 57 N. E. 242.

Appellee contends however under "Points and authorities" in his brief that the record shows that John Souder paid the sum of $302.00 to appellants and they accepted it, and appellee concludes "from these facts the implication of agency is irresistible."

Appellants' recital of the evidence does not show that Souder paid the $302.00 to appellants, nor that they accepted the money. Appellee's recital of the evidence

shows that Souder testified "that he accounted for the five hundred dollars ($500.00) paid by appellee, Rude, in final settlement of the estate of John Thomas, deceased."

An accounting of the money in the settlement of decedent's estate; does not constitute a payment of the money to appellants, and an acceptance thereof, by them. If decedent's estate was insolvent, which we need not determine, appellants received nothing from the estate as heirs of decedent.

We have searched the record to find evidence that appellee paid appellants the money, and they accepted it, but have not found such evidence. Therefore appellee's said contention must fail.

We hold that the evidence is insufficient to sustain the decision of the court and that the decision is contrary to law.

Judgment reversed with instructions to sustain appellants' motion for new trial.