ROUSH *v.* RICHARDS ET AL.

[No. 17,453.   Filed March 20, 1946.]

494

*Seabirt, Oare & Deahl,* of South Bend, for appellant.

*Arnold, Degnan, Goheen & Zimmer,* and *Alex T. Chlois,* all of South Bend, for appellees.

ROYSE, P. J.—Isaiah Roush and Ellen Bickel were married in September, 1914. Each had been married before and each had children by their former marriages. Prior to their marriage they entered into an antenuptial agreement pertaining to the property of each, which agreement was subsequently lost or destroyed. On August 23, 1934, after discovery of the loss or inadvertent destruction of said agreement, they entered into the following written agreement:

"Isaiah Roush of Saint Joseph County, Indiana, and Ellen Bickel of St. Joseph County, Indiana, in contemplation of marriage hereby agree and set forth as follows:

"That the above contracting parties have each been married before and each have children by their former marriages.

"That each of them hereby disposes of their estate, both personal and real, in relation to each other as follows:

"That Isaiah Roush agrees to give unto Ellen Bickel a one-fourth (¼) interest of all personal property, notes and bonds, of which I may die possessed, after deducting all the expenses of my estate; also the said Ellen Bickel shall have possession of all real estate of which I may die seized for the period of one (1) year after my death, together with one-fourth (¼) of the proceeds therefrom; also one (1) cow; one (1) walnut dresser; six (6) chairs; one (1) feather bed; two (2) pairs

of pillows; one (1) rug, size 11 x 12; one (1) Kalamazoo range; the stove wood cut from the place of the down timber for a period of one (1) year after my death.

"That in case of my death, my estate shall be settled by Claude Roush and Melvine Roush as administrators.

"That all personal property herein given to Ellen Bickel is to be her sole and absolute property.

"That in case the said Ellen Bickel should die before the said Isaiah Roush, her heirs, after deducting the funeral expenses shall receive a one-fourth ($\frac{1}{4}$) interest in the personal estate of the said Isaiah Roush, to be divided amongst them equally.

"That the above is in substance, a copy of an antenuptial agreement drawn by Edward Gushwa, previous to our marriage in the month of September, 1914. The said agreement was left in the possession of Edward Gushwa for safe keeping and that he has either lost or destroyed the same.

"ISAIAH ROUSH
"ELLEN BICKEL
"By Ellen Bickel Roush."

This agreement was acknowledged and recorded in the office of the Recorder of St. Joseph County. Isaiah Roush died intestate December 30, 1938. He left surviving him his widow (appellant) and seven children. His estate was duly administered in the St. Joseph Circuit Court. Subsequently the children of said decedent conveyed the real estate left by said decedent to appellees' predecessor in title. Thereupon, appellees commenced this action to quiet their title to said real estate and for a declaratory judgment construing the antenuptial agreement. Their complaint, omitting formal parts, is as follows:

"Plaintiffs complain of the defendant and say:

"1. Plaintiffs are the owners as tenants by the entireties in fee simple of the following described

real estate situate in St. Joseph County, Indiana (description).

"2. Said real estate was owned by one Isaiah Roush at the time of his death on the 30th day of December, 1938.

"3. Said decedent left *him surviving,* a widow and seven children. The said seven children were children of the decedent by a former marriage. The said widow *in* the defendant Ellen Roush, a second childless wife of said decedent. Prior to the marriage of the decedent to said Ellen Roush, then Ellen Bickel, and on, to-wit: the —— day of September, 1914, the said decedent and said Ellen Bickel executed an ante-nuptial agreement pertaining to property of each, which said agreement was lost or destroyed after having been placed in the hands of one Edward Gushwa for safe-keeping.

"4. On the 23rd day of August, 1934, after discovery by the said decedent and said Ellen Bickel Roush, of the loss *of* inadvertent destruction thereof, the said decedent and said Ellen Bickel, then Roush, executed an instrument in words and figures the following, to-wit: (Hereinbefore set out), which said agreement was recorded in the office of the Recorder in and for St. Joseph County, Indiana, on the 21st day of January, 1939, and recorded in Miscellaneous Record 64, at page 362, in the records of said office.

"5. On the death of the said decedent, Isaiah Roush, his estate was duly administered in the St. Joseph Circuit Court as Estate No. 6035, and such proceedings were had therein that on the 29th day of May, 1940, the administrators of said decedent's estate filed herein their final report, and due notice was given all of the heirs and claimants as required by law. That said matter was set for hearing on July 5, 1940, in said Circuit Court on the said final report, and the said widow, Ellen Bickel Roush, was present thereat, and the question of the said Ellen Bickel Roush's interest, if any, in the real estate aforesaid, in the light of said ante-nuptial agreement, was by said Ellen Roush contested, and later her contest, after partial hearing thereof, was dismissed; and after her said contest was so dis-

missed, the said St. Joseph Circuit Court in said probate proceedings, upon the final report of said administrators, found, among other things:

"That according to the terms of a written contract dated August 23, 1934, which said decedent entered into with his wife, said Ellen Roush, re-affirming an ante-nuptial contract between them, said widow is entitled to one-fourth of all personal property and income from real estate for one year after decedent's death, after deducting the expenses of said estate, (excepting 1 cow, dresser, chairs, feather bed, pillows, rug, Kalamazoo Range, and stove wood, which she was to have at decedent's death, and which she has taken into her possession) and finds that one-fourth of $2511.01 is $627.75. That she has heretofore, on Feb. 18, 1939, been advanced as per voucher filed herewith, $79.00. Which leaves the amount she is entitled to on final distribution the sum of $548.75, which amount was by said co-administrators paid into Court, upon the filing of said final report, and which amount has been accepted and receipted for by her on the Entry, Claim and Allowance Docket of said court.' . . . 'That said decedent died seized in fee simple of the following described real estate, situated in St. Joseph County, Indiana; which remains undisposed of, at this date, which descends to decedent's seven children, (his widow having no interest therein as per said agreement entered into between said decedent and said widow, on December 30th, 1938, re-affirming an ante-nuptial contract) ; said real estate is described as follows: (Description)', and thereupon said administrators were discharged and the estate forever settled and closed.

"6. The critical question that arose in said proceedings and the subject of said contest by the said widow, defendant herein, was the construction and application of the following words in the ratification of said ante-nuptial agreement:

"Also the said Ellen Bickel shall have possession of all real estate of which I may die seized for the period of one year after my death, to-

*gether with one-fourth of the proceeds there-from.'*

it having been contended by said Ellen Bickel Roush that the underscored words aforesaid granted and accorded unto her a one-fourth interest in the proceeds of the sale of any such real estate, whereas it was contended by the children of said decedent in said contest that the said underscored words accorded to her one-fourth of the avails of the real estate during the period of one year after the death of said decedent.

"7. The defendant now contends not only that said determinations in said probate proceedings were not binding upon her, but also reiterates her contention that she holds and possesses a lien upon said real estate to the extent of one-fourth of the proceeds of the sale thereof, conveyed by the children of said decedent, who made conveyance thereof unto plaintiffs' immediate predecessor in interest, one Charles E. Wilkeson, on the 5th day of April, 1941, as per deed recorded in Deed Record 332, page 14.

"8. As a result of the contention of the defendant, a cloud has been case upon the title of plaintiffs, which should be removed by a determination and declaratory judgment, according to the rights of the case, to-wit: Finally deciding and determining

"(a) Whether the decisions of the Circuit Court in the administration proceedings of the estate of said Isaiah Roush, deceased, as hereinabove recited, were and are binding and conclusive upon the said defendant; and if not so binding and conclusive,

"(b) Whether the defendant's contention as to the construction and operation and application of the underscored language, hereinabove appearing, quoted from said agreement, conferred upon her any right, title or interest or lien in respect of the real estate; and if so,

"(c) Whether said right, and lien so far as the real estate was concerned, ceased and determined when the said children conveyed to the plaintiff's immediate predecessor in title, as

hereinabove alleged, and the rights of the said defendant were so confined to endorsement of division of the proceeds against said children, or whether her rights continued as a lien on the property to the extent of one-fourth of the proceeds thereof.

"9. The said controversy between the parties hereto is justiciable and solvable by declaratory judgment, which will finally settle and determine the question so arising.

"WHEREFORE,.plaintiffs pray the declaration of rights of this Court in relation to the subject-matter hereof, and to settle and determine the controversy by holding that the said defendant, Ellen Bickel Roush, has no right, title or interest in, or lien upon the real estate of the plaintiffs hereinabove described, and for all other proper relief."

Appellant, by her answer, denied the allegations of the first rhetorical paragraph, and denied the allegation of the eighth rhetorical paragraph that her contention cast a cloud upon appellees' title, averring that their title was at all times subject to her interest. The answer admitted all of the other allegations of appellees' complaint.

On the issues thus made the cause was submitted to the trial court which rendered its finding and judgment in favor of appellees. Appellant seasonably filed her motion for new trial which was overruled by the trial court. The overruling of this motion is the only error assigned here. The specifications of the motion for a new trial are as follows:

1. The decision or finding of the court is not sustained by sufficient evidence.

2. The decision or finding of the court is contrary to law.

At the outstart appellees question our jurisdiction to consider this appeal because they assert there has been

no final judgment in this action. In the record there is a general finding by the trial court which reviews the contentions of the parties. In this finding the trial court states appellant was bound by the proceedings in the probate matter and is therefore estopped from asserting a claim or interest in the real estate. It concludes as follows:

> "Pursuant to our discussion of the issues and law of the case as hereinbefore set forth, we find that the defendant Ellen Roush has no right, title or interest in or to the real estate described in plaintiffs' complaint and that the plaintiffs are entitled to have their title to said real estate forever quieted and set at rest against the claim of this defendant.
> "Judgment on the finding."

Section 2-2517, Burns' 1933, provides as follows:

> "The judgment must be entered on the order-book and specify clearly the relief granted or other determination of the action."

In Freeman on Judgments (5th ed.), § 22, p. 34, it is stated:

> "The term 'judgment', as used in a statute governing appeals must be taken in a broad sense to include final decrees and orders which for some other purposes may not be 'judgments', using the term in a narrower sense. Every definite sentence or decision by which the merits of a cause are determined, although it is not technically a judgment . . ., is a judgment within the meaning of the law."

We are of the opinion the judgment in this case sufficiently shows directly the judicial character of the act, the nature and scope of the adjudication, and its application to the controversy herein. Watson's Works Practice, § 2124, p. 694. See

also, *Shafer* v. *Shafer* (1941), 219 Ind. 97, 37 N. E. (2d) 69.

Appellant has grouped her points and authorities for both specifications of the motion for a new trial under the second specification thereof. She contends the approval of the Administrator's final report in her deceased husband's estate purporting to set forth the interest she had in his real estate either by the antenuptial contract or the laws of descent did not bar her interest because the administrator had no control over decedent's real estate except when needed to pay debts. But appellees insist that appellant, by admitting the allegations in the complaint herein in reference to the proceedings at the hearing on the final report in the St. Joseph Circuit Court is now precluded from questioning the jurisdiction and authority of that court to make the determination which it did make in those proceedings. This is the view adopted by the trial court.

It is a well-established principle of our law, that where as here the personal assets of a decedent's estate are sufficient to pay the debts, the administrator has no authority over the decedent's real estate. He cannot in any manner litigate the title to such real estate. Henry's Probate Law and Practice, § 226, p. 234; *Kidwell* v. *Kidwell et al.* (1882), 84 Ind. 224; *Moore, Adm.* v. *Moore et al.* (1900), 155 Ind. 261, 264, 57 N. E. 242; *Luke et al.* v. *Indiana Trust Company* (1928), 86 Ind. App. 717, 721, 159 N. E .769.

In the view we take of this action it is simply a suit by appellees to quiet their title to real estate. The question of their title depends upon the construction of the indicated provision of the antenuptial agreement. The St. Joseph Circuit Court, sitting as a Probate Court to act upon the administrator's final report, had no power to determine any matter

relating to the title of decedent's real estate. In our opinion the probate proceedings did not make the question here involved *res judicata,* nor was appellant thereby estopped to assert her contention in this action.

The St. Joseph Superior Court No. 2 erred in not construing the antenuptial agreement as sought by the parties hereto. On a new trial the parties may desire to submit additional evidence on this question.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 65 N. E. (2d) 507.