Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Merrillville, Indiana

ATTORNEY FOR APPELLEE:

**LARRY D. STASSIN**
Dyer, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BEVERLY CZECH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1305-DR-234 |
| | ) | |
| JAMES CZECH, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George Paras
Cause No. 45C01-0606-DR-505

**January 15, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

MATHIAS, Judge

The marriage of Beverly Czech ("Wife") and James Czech ("Husband") was dissolved in Lake Circuit Court. Wife now appeals the trial court's exclusion of real property inherited by Husband through intestate succession.

We reverse and remand to the trial court for proceedings consistent with this opinion.

**Facts and Procedural History**

Beverly Czech ("Wife") and James Czech ("Husband") married in 1984. During the marriage, both of Husband's parents died intestate,[1] leaving, among other things, a piece of real property located in the state of Missouri ("Missouri property"). Husband and his two siblings each received one-third shares of the property through intestate succession. However, neither Husband nor either of his siblings initiated probate proceedings in Missouri. Instead, the Missouri property remained titled in Husband's deceased father's name, and Husband and his siblings paid taxes on the property from a joint checking account into which they all deposited funds. According to the trial court's decree of dissolution, Husband and his siblings also "held themselves out as the owners of the Missouri Property." Appellant's App. p. 20.

Wife filed a petition for dissolution of marriage on June 30, 2006, in Lake Circuit Court. The parties thereafter attempted reconciliation but were unsuccessful, and the

---

[1] It appears that both of Husband's parents had died by some time in the 1990s. Tr. p. 78.

2

dissolution proceedings resumed on May 11, 2012. On January 31, 2013, the trial court issued its final decree of dissolution. The decree provided, in relevant part:

> 30. A court may only dispose of property in which the parties have a vested present interest. If the parties do not own the asset at issue or if their interest in the property is only contingent, a court may not include it in the marital estate or dispose of it.
>
> 31. The evidence established that the Missouri Property was held by Husband's parents and upon the death of Husband's last surviving parent Husband and his siblings failed to effectuate a transfer of the Missouri property to themselves through any type of probate process. While the evidence indicated that Husband and his siblings held themselves out as owners of the Missouri Property and that Husband issued checks upon a bank account into which he and his siblings deposited funds for the real estate and personal property taxes associated with such property; the property tax payment receipts for the Missouri Property admitted into evidence spanning from 2003 to 2011 set forth Husband's father as the person to whom such tax bills are directed.
>
> 32. There is no evidence that Husband holds any present vested interest in the Missouri Property or that he acquired a present vested interest in the Missouri Property during the marriage. The fact that Husband and his siblings could have inherited interests in the Missouri property does not translate to an actual inheritance of an interest in the Missouri Property by Husband during the course of the Parties' marriage.
>
> 33. As Husband did not acquire any present vested interest in the Missouri Property either before or during the Parties' marriage; such property does not fall within the Marital Estate before the Court.

Appellant's App. p. 20 (internal citations omitted).

Wife filed an amended motion to correct error on April 5, 2013, arguing that "Indiana and Missouri law are contrary to the court's position, holding that an heir receives a vested interest upon the death of the owner by intestate succession." Appellant's App. p. 11. The trial court granted Wife's motion to correct error in part but

denied the motion as it related to the inclusion of the Missouri property in the marital estate.

Wife now appeals.

## Discussion and Decision

Because the trial court entered written findings and conclusions, we apply a two-tiered standard of review. First, we determine whether the evidence supports the findings, and second, whether the findings support the conclusions. In re V.C., 867 N.E.2d 167, 179 (Ind. Ct. App. 2007). We will reverse only if the evidence does not support the findings, or the findings do not support the judgment. Id. We consider only the evidence most favorable to the judgment and the reasonable inferences flowing therefrom. Id. We will not reweigh the evidence or judge the credibility of the witnesses. Id.

Indiana Code section 31-15-7-4(a) provides:

In an action for dissolution of marriage . . . the court shall divide the property of the parties, whether:
    (1) owned by either spouse before the marriage;
    (2) acquired by either spouse in his or her own right:
        (A) after the marriage; and
        (B) before final separation of the parties; or
    (3) acquired by their joint efforts

It is well settled that Indiana Code section 31-15-7-4(a) requires inclusion in the marital estate of all property owned by the parties prior to separation, including property that one of the parties inherited. See Grathwohl v. Garrity, 871 N.E.2d 297, 301 (Ind. Ct. App. 2007); Fobar v. Vonderahe, 771 N.E.2d 57, 60 (Ind. 2002); Maxwell v. Maxwell, 850 N.E.2d 969, 973 (Ind. Ct. App. 2006), trans. denied. As long as one of the parties has a present possessory interest in the property, the property should be included. See

4

Grathwohl, 871 N.E.2d at 301; Hunt v. Hunt, 645 N.E.2d 634, 636-37 (Ind. Ct. App. 1994). Only property that is acquired after the final separation date is excluded from the marital estate. See Maxwell, 850 N.E.2d at 973.

Wife argues that the trial court erred in finding that Husband's interest in the Missouri property had not vested, and thus, Husband's interest should be excluded from the marital estate. We agree.

Both Indiana law and Missouri law clearly provide that an intestate heir's interest in the inherited property vests immediately upon the death of the owner. Thus, when Husband's last parent died, Husband's one-third interest in the Missouri property passed to him automatically, by operation of law, without any affirmative action of a personal representative or probate court. See Tippecanoe Loan & Trust Co. v. Carr, 40 Ind. App. 125, 78 N.E. 1043, 1044 (1906) ("The law is well settled in this state that the title to lands upon the death of the owner intestate, immediately vests in the heirs of such deceased owner"); Wass v. Hammontree, 77 S.W.2d 1006, 1009 (Mo. 1934) ("Generally, real estate, on the death of the owner, intestate, vests at once in the heirs and not in the administrator"). See also 42 Am. Jur. 2d § 127 ("When a decedent dies intestate, the decedent's property automatically passes to and title immediately vests in her heirs at law, subject only to sale, administration and attendant costs provided by the law"); 29 A.L.R.3d 174 ("Where the intestate holds legal title to real estate, the title passes automatically on his death in accord with the laws of descent").

Both the trial court in its decree and Husband in his appellee's brief cite three Indiana cases, Wilcox v. Wilcox, Libuano v. Libuano, and Maxwell v. Maxwell, as bases

5

for the conclusion that Husband has no vested interest in the Missouri property, and therefore the property should be excluded from the marital estate. Husband's and the trial court's reliance on these cases is misplaced. In Wilcox, this court held that a spouse has no vested present interest in his *future* earnings and that such earnings may be excluded from the marital pot. See Wilcox v. Wilcox, 173 Ind. App. 661, 663, 365 N.E.2d 792, 794 (1977). In Libuano, this court held that "the trial court may consider the future value of an asset, but the final distribution must be just and equitable in light of the present vested interest of the particular fund. A distribution based on contingent values could result in no distribution at all." Libunao v. Libunao, 180 Ind. App. 242, 246-47, 388 N.E.2d 574, 577 (1979). In Maxwell, this court held that the trial court properly included in the marital estate assets inherited by one of the spouses a few months before the spouse moved out of the marital residence and a year before the spouse filed a petition for dissolution, but that "the facts and circumstances justified a deviation from a 50-50 split of the marital estate." Maxwell v. Maxwell, 850 N.E.2d 969, 971, 973 (Ind. Ct. App. 2006).

The facts of the present case are easily distinguishable from the facts in Wilcox and Libuano. Husband's interest in the Missouri property was neither contingent upon some occurrence or lack of occurrence, nor a vested present interest in future earnings, as in Libuano and Wilcox. Rather, his one-third interest in the property vested at the time of his last parent's death, when his marriage was still intact. Maxwell also fails to support his argument since, there, the trial court actually included the Husband's inherited property in the marital estate, and this court affirmed.

Therefore, we conclude that the trial court erred when it found that Husband had no present vested interest in the Missouri property during the marriage and that the property was not part of the marital estate.

**Conclusion**

For all of these reasons, we remand for the trial court to include the one-third interest in the Missouri property Husband inherited from his parents in the marital estate, to value that interest, and to recalculate the division of marital assets accordingly.

BRADFORD, J., and PYLE, J., concur.

7